## FEDERAL TRADE COMMISSION *v.* KLESNER.

CERTIORARI TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 211. Argued March 10, 1927.—Decided April 18, 1927.

The provision of the Federal Trade Commission Act, § 5, conferring jurisdiction on the Circuit Courts of Appeals to enforce, set aside, or modify orders of the Commission, should be construed as conferring like jurisdiction upon the Court of Appeals of the District of Columbia respecting orders to be enforced in that District. P. 154.

So *held* in view of the parallelism between the Supreme Court of the District and the Court of Appeals, as federal courts, on the one hand, and the District Courts and Circuit Courts of Appeals on the other; the fact that the jurisdiction to assist the Commission in compelling evidence which the Act confers on the District

Courts is conferred also on the District Supreme Court, through § 61 of the Code, D. C.; and the additional consideration that enforcement of the Act in the District, as intended, is dependent on the construction of § 5 above indicated.

6 F. (2d) 701, reversed.

CERTIORARI (269 U. S. 545) to a judgment of the Court of Appeals of the District of Columbia which dismissed, for want of jurisdiction, an application of the Federal Trade Commission based on § 5 of the Federal Trade Commission Act, for a decree to enforce an order of the Commission commanding Klesner to desist from a method of doing business in the District of Columbia which the Commission found to be an unfair method of competition.

*Mr. Adrien F. Busick,* with whom *Solicitor General Mitchell,* and *Messrs. Bayard T. Hainer,* and *Charles Melvin Neff* were on the brief, for petitioner.

In order to carry out the plain provisions of the statute, it is necessary that the words " circuits courts of appeals " should be construed to include the Court of Appeals of the District of Columbia. To read them otherwise is to attribute to Congress an intention to make an order of the Commission directed at unfair competition in commerce in the District of Columbia enforceable if the offending person resides outside of the District and within the jurisdiction of some Circuit Court of Appeals, but unenforceable if he resides in the District. The statute should not be construed to produce absurd results, if it may reasonably be avoided.

If the Court of Appeals of the District was right in the decision in this case, it will follow that neither the Interstate Commerce Commission, the Federal Reserve Board, nor the Federal Trade Commission may enforce the provisions of the Clayton Act with respect to commerce in the District unless the offending person or corporation resides outside of it.

Appellate jurisdiction has been upheld where the language of the statute did not exactly describe the courts which were ultimately held to have jurisdiction or did not definitely include the class of cases in which jurisdiction was held to have been conferred. *S. S. Coquitlam* v. *United States,* 163 U. S. 346; *Hoskins* v. *Funk,* 239 Fed. 278; *Craig* v. *Hecht,* 263 U. S. 255; *Webb* v. *York,* 74 Fed. 753.

The Supreme Court and the Court of Appeals of the District of Columbia, and the courts of the Territories perform those judicial functions that are elsewhere performed by both state and federal courts. For the purpose of enforcing federal statutes of general application, these courts are a part of the federal judicial system. But when they are enforcing statutes of local application only, they have such powers and jurisdiction " as a State may confer on her courts." *Keller* v. *Pot. Elec. Co.,* 261 U. S. 428; *Benson* v. *Henkel,* 198 U. S. 1; *Hyattsville Bldg. Assn.* v. *Bouick,* 44 App. D. C. 408; *United States* v. *B. & O. R. R.,* 26 App. D. C. 581.

It is not out of accord with the laws establishing its jurisdiction to hold that the Court of Appeals of the District of Columbia is a " Circuit Court of Appeals " within the meaning of the Federal Trade Commission Act. Since, so far as the general federal laws are concerned, the jurisdiction of the Supreme Court of the District of Columbia is the same as that of the United States District Courts, the appellate jurisdiction of the Court of Appeals of the District of Columbia, sitting as a federal appellate court, is the same in character and functions as that of the Circuit Courts of Appeals of the United States.

*Mr. Harry S. Barger,* with whom *Mr. Clarence R. Ahalt* was on the brief, for respondent.

The Court of Appeals of the District of Columbia is a court of the United States; but it is not a constitutional

court of the United States in the same sense that the Circuit Courts of Appeals of the United States and the United States District Courts are constitutional courts, and, in respects too numerous to mention, it does not possess the same jurisdiction possessed by the Circuit Courts of Appeals of the United States. To say that the Court of Appeals of the District of Columbia is a "Circuit Court of Appeals of the United States," without more authority than is found in the Federal Trade Commission Act, would be the same as saying that, because Congress has expressly and in apt language conferred concurrent jurisdiction upon the United States District Courts and the Court of Claims in sums not exceeding ten thousand dollars, the District Courts are Courts of Claims, or that the Court of Claims is a District Court of the United States. Even if Congress had used apt language to confer special jurisdiction on the Court of Appeals of the District of Columbia to review decisions of the Federal Trade Commission, that court would in no sense be a "Circuit Court of Appeals of the United States." *Chapman* v. *United States,* 164 U. S. 436; *In re Heath,* 144 U. S. 92; *Cross* v. *United States,* 145 U. S. 572; *Farnsworth* v. *Montana,* 129 U. S. 104; *United States* v. *Sanges,* 144 U. S. 310; *United States* v. *Moore,* 3 Cr. 159.

To demonstrate conclusively that Congress does not regard the Court of Appeals of the District of Columbia as a "Circuit Court of Appeals," reference is made to § 238 of the Judicial Code as well as to § 250 thereof, wherein radically different provisions obtain for appeals from the courts of the United States outside the District of Columbia and those from the courts of the District.

Mr. Chief Justice Taft delivered the opinion of the Court.

The question presented in this case is whether the Court of Appeals of the District of Columbia has, under

the Federal Trade Commission Act, 38 Stat. 717, juris-
diction to enforce, set aside or modify orders of the
Federal Trade Commission, entered against persons en-
gaged in commerce within the District of Columbia, re-
quiring them to cease and desist from the use of unfair
methods of competition within the District.

The case, as made before the Commission, was as fol-
lows: Klesner, a resident of the District, was engaged,
among other things, in the manufacture and sale of
window shades in the District, doing business under the
name and style of "Shade Shop." For some years prior
to respondent's entry into this business, another estab-
lishment had been engaged exclusively in the window
shade business under the same name and style, and had
become well and favorably known to the purchasing pub-
lic by that name. The charge heard before the Commis-
sion was that the respondent, by the use of the name
"Shade Shop," was deceiving the purchasing public into
the belief that his establishment was that of a prior long-
established competitor, and by this means was causing
people to deal with the respondent, in the belief that
they were dealing with his competitor. Klesner an-
swered, denying the charge. Evidence was received upon
the issues joined, and after argument the Commission
made its report upon the facts and issued an order re-
quiring the respondent to cease and desist from doing
business in the District of Columbia under the name of
"Shade Shop." Klesner failed and refused to obey the
order, and the Commission applied to the Court of Ap-
peals of the District of Columbia for a decree of enforce-
ment. That court, without considering the merits of
the case, held that it was without jurisdiction in the
premises, and dismissed the Commission's petition, June
1, 1925, in an opinion reported in 6 F. (2d) 701. A peti-
tion for certiorari was granted by this Court October 26,
1925, (269 U. S. 545) pursuant to § 240 (a) of the Judi-

cial Code, as amended by the Act of February 13, 1925, c. 229, 43 Stat. 938.

The ground for the dismissal of this case by the Court of Appeals was that Congress, in the Trade Commission Act, had not given jurisdiction to the Court of Appeals of the District of Columbia over suits brought to enforce the order of the Commission as it had done in respect of such suits in the proper circuit courts of appeals. The pertinent part of the Federal Trade Commission Act bearing on this question we have set out in the margin.* ·

---

* "Sec. 4. That the words defined in this section shall have the following meaning when found in this Act, to wit:

"'Commerce' means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation. . . .

"Sec. 5. That unfair methods of competition in commerce are hereby declared unlawful.

"The commission is hereby empowered and directed to prevent persons, partnerships, or corporations, except banks, and common carriers subject to the Acts to regulate commerce, from using unfair methods of competition in commerce.

"Whenever the commission shall have reason to believe that any such person, partnership, or corporation has been or is using any unfair method of competition in commerce, and if it shall appear to the commission that a proceeding by it in respect thereof would be to the interest of the public, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges in that respect, and containing a notice of a hearing upon a day and at a place therein fixed at least thirty days after the service of said complaint. The person, partnership, or corporation so complained of shall have the right to appear at the place and time so fixed and show cause why an order should not be entered by the commission requiring such person, partnership, or corporation to cease and desist from the violation of the law so charged in said complaint. . . . The testimony in any such proceeding shall be reduced to writing and filed in the office of the commission. If upon such hearing the commission shall be of the opinion that the method of competition in question is

The Trade Commission Act was passed by Congress to prevent persons, partnerships or corporations from using unfair methods of competition in the commerce which Congress had the constitutional right to regulate. By § 4 of the Act, the commerce to be reached is defined as including not only commerce between the States, and with foreign nations and between the District of Columbia and any State or Territory or foreign nation, but also commerce within the District of Columbia. The statute is clear in its direction that the Commission shall

prohibited by this Act, it shall make a report in writing in which it shall state its findings as to the facts, and shall issue and cause to be served on such person, partnership, or corporation an order requiring such person, partnership, or corporation to cease and desist fom using such method of competition. Until a transcript of the record in such hearing shall have been filed in a circuit court of appeals of the United States, as hereinafter provided, the commission may at any time, upon such notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any report or any order made or issued by it under this section.

"If such person, partnership, or corporation fails or neglects to obey such order of the commission while the same is in effect, the commission may apply to the circuit court of appeals of the United States, within any circuit where the method of competition in question was used or where such person, partnership, or corporation resides or carries on business, for the enforcement of its order, and shall certify and file with its application a transcript of the entire record in the proceeding, including all the testimony taken and the report and order of the commission. Upon such filing of the application and transcript the court shall cause notice thereof to be served upon such person, partnership, or corporation and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree affirming, modifying, or setting aside the order of the commission. The findings of the commission as to the facts, if supported by testimony, shall be conclusive. If either party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the proceeding before the

make orders preventing persons engaged in the District from using the forbidden methods. Therefore the Commission was authorized to make the order which was made in this case. In § 9 of the Trade Commission Act, the Commission is given power to require by subpoena the attendance and testimony of witnesses and the production of documentary evidence relating to any matter under investigation. And this may be required from any place in the United States at any designated place of hearing, and in case of disobedience to a subpoena, the Commission may invoke the aid of any court of the United States in requiring such attendance and testimony. Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on, may in case of contumacy or refusal to obey a

---

commission, the court may order such additional evidence to be taken before the commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The commission may modify its findings as to the facts, or make new findings, by reason of the additional evidence so taken, and it shall file such modified or new findings, which, if supported by testimony, shall be conclusive, and its recommendations, if any, for the modification or setting aside of its original order, with the return of such additional evidence. The judgment and decree of the court shall be final, except that the same shall be subject to review by the Supreme Court upon certiorari as provided in section, two hundred and forty of the Judicial Code. . . .

" The jurisdiction of the circuit court of appeals of the United States to enforce, set aside, or modify orders of the commission shall be exclusive.

" Such proceeding in the circuit court of appeals shall be given precedence over other cases pending therein, and shall be in every way expedited. . . .

" Sec. 9. That for the purposes of this Act the commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all

subpoena issue an order requiring the presence of the person summoned, and a failure to obey the order may be punished by the district court as a contempt thereof. Upon application of the Attorney General, at the request of the Commission, the district courts shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this Act or any order of the Commission made in pursuance thereof.

By § 61 of the Code of Laws for the District of Columbia, 31 Stat. 1199, the Supreme Court of the District is given the same powers and the same jurisdiction as district courts of the United States and is to be deemed a court of the United States, and shall exercise all the jurisdiction of one, and a special term of the court shall be a district court of the United States. The justices of the court are vested with the power and jurisdiction of judges

such documentary evidence relating to any matter under investigation. Any member of the commission may sign subpoenas, and members and examiners of the commission may administer oaths and affirmations, examine witnesses, and receive evidence.

"Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing. And in case of disobedience to a subpoena the commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

"Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any corporation or other person, issue an order requiring such corporation or other person to appear before the commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof.

"Upon the application of the Attorney General of the United States, at the request of the commission, the district courts of the United States shall have jurisdiction to issue writs of mandamus commanding any person or corporation to comply with the provisions of this Act or any order of the commission made in pursuance thereof."

of the district courts of the United States. Sections 62 and 84, Code of the District of Columbia, 1924. It follows that the Trade Commission could use the Supreme Court of the District to enforce the procedure needed on its part to take evidence and thus enable it to reach its conclusions, and in this could avail itself of the power of contempt of that court.

It has been the evident intention of Congress that laws generally applicable to enforcement of what may be called federal law in the United States generally should have the same effect within the District of Columbia as elsewhere. For this purpose the courts of the District of Columbia are federal courts of the United States. *Keller* v. *Potomac Electric Company*, 261 U. S. 428, 442. They are part of the federal judicial system. In *Benson* v. *Henkel*, 198 U. S. 1, this Court held that the Supreme Court of the District of Columbia was a Court of the United States and that the District of Columbia was a district within the meaning of Revised Statutes, § 1014, providing for the apprehension and holding persons for trial before such court of the United States. Where the Judicial Code provides that no writ of injunction shall be granted by any court of the United States to stay proceedings of any court of a State, with certain exceptions, the District Court of Appeals has held that the statute applied to the Supreme Court of the District of Columbia. *Hyattsville Building Assn.* v. *Bouick*, 44 D. C. App. 408. See also, *United States* v. *B. & O. R. R.*, 26 D. C. App. 581; *Arnstein* v. *United States*, 296 Fed. 946, 948.

The question, therefore, which we have to answer is whether, when Congress gave the Commission power to make orders in the District of Columbia with the aid of the Supreme Court of the District in compelling the production of evidence by contempt or mandamus, it intended to leave the orders thus made, if defied, without any review or sanction by a reviewing court, though such

review and sanction are expressly provided everywhere throughout the United States except in the District. We think this most unlikely, and, therefore, it is our duty, if possible in reason, to find in the Trade Commission Act ground for inference that Congress intended to refer to and treat the Court of Appeals of the District as one of the circuit courts of appeals referred to in the Act, to review and enforce such orders.

It is to be noted that the same question arises in the construction of the Clayton Act of October 15, 1914, c. 323, 38 Stat. 730. That Act applies, as this one does, to commerce in the District, as well as between States, and with foreign nations. By its second section it forbids difference in prices to purchasers in order to lessen competition. In the third section it makes it unlawful to lease or make and sell goods patented or unpatented or fix a price thereon with the condition that the lessee or purchaser shall not use the goods or wares of competitors, where such a provision shall lessen competition. By § 7, corporations are forbidden to acquire stock of another to lessen competition, and by § 8 there is a restriction upon interlocking directorates in two or more competing corporations applicable to banking associations and other corporations. Section 11 provides that authority to enforce compliance with the sections just referred to is vested in the Interstate Commerce Commission where applicable to common carriers, in the Federal Reserve Board where applicable to banks, and in the Federal Trade Commission where applicable to all the other characters of commerce. The orders of these bodies are to be made upon hearings similar to those provided for in the Federal Trade Commission Act, and the circuit courts of appeals are to review and enforce the orders. The existence of two such Acts itself enforces the inference that Congress thought that the term "Circuit Court of Appeals" was sufficient to include the appellate court of the District of Columbia.

The Court of Appeals of the District of Columbia was created by an Act of Congress approved February 9, 1893, 27 Stat. 434, which conferred upon it appellate jurisdiction over the Supreme Court of the District of Columbia. Section 7 of the Act provides that any party aggrieved by any final order, judgment or decree of the Supreme Court of the District, or of any justice thereof, may appeal therefrom to the Court of Appeals thereby created, which upon such appeal shall review such order, judgment or decree and affirm, reverse or modify the same as shall be just. This was a substitution of the Court of Appeals for the general term of the Supreme Court, which latter court was abolished by the Act. The parallelism between the Supreme Court of the District and the Court of Appeals of the District, on the one hand, and the district courts of the United States and the circuit courts of appeals, on the other, in the consideration and disposition of cases involving what among the States would be regarded as within federal jurisdiction, is complete.

A question similar to the one we have here was presented in the case of the *Steamer Coquitlam* v. *United States,* 163 U. S. 346. The United States in that case brought a suit in admiralty for the forfeiture of the steamer Coquitlam, because of an alleged violation of the revenue laws of the United States, in the District Court of Alaska, and, a decree having been rendered for the United States, an appeal was prosecuted to the Circuit Court of Appeals for the Ninth Circuit. Under the 15th section of the Act creating the circuit courts of appeals, 26 Stat. 826, 830, the circuit courts of appeals in cases in which their judgments were made final by the Act, were given the same appellate jurisdiction by writ of error or appeals to review the judgments, orders and decrees of the Supreme Courts of the several territories as by the Act they might have to review the judgments, orders, and

decrees of the district courts and circuit courts, and for that purpose the several territories were, by orders of the Supreme Court, to be made from time to time, to be assigned to particular circuits. 26 Stat. 826, 830. Now, in Alaska there was only one court, and it was called the District Court of Alaska, and it was contended that it was not a supreme court of the territory and, therefore, was not a court from which an appeal could be prosecuted to the Circuit Court of Appeals for the Ninth Circuit. By the Act of May 17, 1884, 23 Stat. 24, a civil government was provided for Alaska, to constitute a civil and judicial district, with the civil and judicial and criminal jurisdiction of district courts of the United States, and such other jurisdiction not inconsistent with the Act as might be established by law, and the general laws of Oregon, so far as the laws were applicable, were adopted. This Court held that, under the statutes, the Circuit Court of Appeals of the Ninth Circuit could not review the final judgments or decrees of the Alaska court in virtue of its appellate jurisdiction over the district and circuit courts mentioned in the Act of March 3, 1891, 26 Stat. 826, 830, but that, as Alaska was one of the territories of the United States and as the District Court established in Alaska was the court of last resort within the limits of the territory, it was in a very substantial sense the supreme court of that territory; that no reason could be suggested why a territory of the United States in which the court of last resort was called a supreme court should be assigned to some circuit established by Congress that did not apply with full force to the Territory of Alaska in which the court of last resort was designated as the District Court of Alaska. The Court, speaking by Mr. Justice Harlan, said (p. 352):

"Looking at the whole scope of the act of 1891, we do not doubt that Congress contemplated that the final

orders and decrees of the courts of last resort in the organized Territories of the United States—by whatever name those courts were designated in legislative enactments—should be reviewed by the proper Circuit Court of Appeals, leaving to this court the assignment of the respective Territories among the existing circuits."

We think we may use the same liberality of construction in this case. We find here a court which by acts of Congress is to be treated as a district court of the United States, and we find here a court of appeals which by the terms of its creation is exercising reviewing power over all federal cases proceeding from that district court of the United States by appeal or writ of error, so that it is exercising exactly the same function as the circuit courts of appeals do with respect to the district courts within their respective territorial jurisdictions in the other parts of the United States. The services of this district court of the United States in the District of Columbia are to be availed of under the Trade Commission Act when necessary in compelling evidence by the express words of the Act. We must conclude that Congress, in making its provision for the use of the circuit courts of appeals, in reviewing the Commission's orders, intended to include within that description the Court of Appeals of the District of Columbia as the appellate tribunal to be charged with the same duty in the District. The law was to be enforced, and presumably with the same effectiveness, in the District of Columbia as elsewhere in the United States.

We do not think that the cases of *Swift* v. *Hoover*, 242 U. S. 107, and of *Tefft, Weller & Company* v. *Munsuri*, 222 U. S. 114, should lead us in this case to a different conclusion. They related to appeals direct to this Court in bankruptcy from a court in Porto Rico, and from the Supreme Court of the District respectively. With the

heavy burden upon this Court, every direct review imposed on it was naturally viewed with critical care, and when it was sought to enlarge the jurisdiction of this Court by strained construction to include review of the numerous and small claims from courts of bankruptcy in such jurisdictions, it is not strange that the attempt failed. More than that, in those cases the bankruptcy proceedings were judicial proceedings with judicial judgments which could be enforced even if not reviewed. They were not left in the air without any sanction against a defiant litigant, as would be the result in the present case, were the view we have taken not to prevail.

The judgment of dismissal of the Court of Appeals of the District of Columbia is reversed and the cause remanded for further proceedings.

*Reversed.*

---

The separate opinion of Mr. Justice McReynolds.

I think the judgment of the court below should be affirmed.

If the cause involved no more than interpretation of a doubtful provision in the statute, it hardly would be worth while to record personal views. But judicial legislation is a hateful thing and I am unwilling by acquiescence to give apparent assent to the practice.

Possibly—probably, perhaps—if attention had been seasonably called to the matter Congress would have authorized the Court of Appeals for the District of Columbia to enforce orders of the Trade Commission. But the words of the enactment, which we must accept as deliberately chosen, give no such power; and I think this court ought not to interject what it can only suppose the lawmakers would have inserted if they had thought long enough.