## UNITED STATES v. DENISON.

### No. 5291.

Court of Appeals of District of Columbia.

Argued Jan. 8, 1931.

Decided Feb. 2, 1931.

Leo A. Rover and Neil Burkinshaw, both of Washington, D. C., for the United States.

E. Hilton Jackson, W. E. Leahy, and Everett Sanders, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment of the Supreme Court of the District of Columbia sustaining a demurrer to an indictment charging the appellee Edward E. Denison of the possession of intoxicating liquor in violation of the National Prohibition Act.

The material part of the indictment alleges: "That one Edward E. Denison and one John Layne, each late of the District of Columbia aforesaid, on, to wit, the nineteenth day of January, 1929, and at the District of Columbia aforesaid, unlawfully did possess a certain intoxicating liquor, to wit, whisky, containing one-half of one per centum and more of alcohol by volume, the said liquor so possessed as aforesaid being then and there fit for use for beverage purposes; against the form of the Statute in such case made and provided, and against the peace and government of the said United States."

The demurrer assailed the indictment on the ground that it was insufficient in substance, too vague, indefinite, and uncertain, to fairly or sufficiently inform the defendant of the charge he is expected to meet at the trial; that by reason thereof a judgment upon a verdict had upon trial of this indictment would not furnish a complete defense against a second prosecution for the same offense, and that it fails to allege "that the act complained of was then and there prohibited and unlawful." It is also alleged as a ground of demurrer that the indictment is defective in that it fails to comply with the requirements of the Sixth Amendment to the Constitution of the United States. The particulars in which the indictment is charged to be vague, indefinite, and uncertain are set out in great detail in the demurrer, charging that it fails to set the time, place, or circumstances under which the alleged offense was committed.

Section 32, title 2, of the National Prohibition Act, 41 Stat. 305 (27 USCA § 49), provides: "In any affidavit, information, or indictment for the violation of this chapter, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed. It shall not be necessary in any affidavit, information, or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, but this provision shall not be construed to preclude the trial court from directing the furnishing the defendant a bill of particulars when it deems it proper to do so."

This form of indictment, charging the unlawful possession of intoxicating liquor under the paragraph of the statute in question, was upheld by this court in the recent case of Jacobs v. United States, 58 App. D. C. 62, 24 F. (2d) 890. In that case, as in this, no request was made by the defendant for a bill of particulars, although defendant would be entitled to such a bill, if requested, in the discretion of the court. Similar indictments to the one here in question have been upheld by the Circuit Courts of Appeals. Leonard v. United States, 18 F. (2d) 208, 210; Ritter v. United States, 293 F. 187; Gray v. United States, 9 F. (2d) 337; McCarren v. United States, 8 F. (2d) 113; Rulovitch v. United States, 286 F. 315; Nunn v. United States, 4 F. (2d) 380.

■ It is proper to consider the legislative intent in determining the sufficiency of an indictment under the Prohibition Law. The National Prohibition Act is in the nature of a police regulation of nation-wide extent, and involving wide scope and many complications in its enforcement. In the enactment of section 32, Congress defined a special rule of criminal pleading to be applied in cases arising under it, the policy evidently being to establish a simplicity of allegation and avoid the difficulties that would necessarily arise in the enforcement of this act under the more technical rules of criminal pleading. As was said in the Leonard Case: "It is our view that by this section Congress intended to establish a special rule of criminal pleading under this act, to sanction a simplicity and generality of allegation that might otherwise have been insufficient, to eliminate all necessity for reference to exceptions and limitations and provisos found in the act, and to give statutory recognition to the bill of particulars as a pleading supplemental to, and in effect a part of, the indictment or informa-

tion. This is, of course, not to say that a bill of particulars may cure an indictment which does not charge the essential elements of the crime, for that would not be the indictment required by the Fifth Amendment; but the statute is, we think, intended to go as far in this direction as the limiting principle permits."

The right of defendant to a bill of particulars is well illustrated as supplying the alleged defects enumerated in the demurrer as to time, place, the manner in which the offense was committed, and numerous other details that would be properly furnished by such a bill, but which would invite technical objection if required to be incorporated in the indictment.

■ Neither are we impressed by the contention that the indictment is defective by reason of its failure to allege "that the act complained of was then and there prohibited and unlawful." The averment in the indictment that the defendant was in unlawful possession of intoxicating liquor is sufficient statement of the prohibited act. In Hensberg v. United States (C. C. A.) 288 F. 370, 371, the court, disposing of a similar objection to an indictment charging the unlawful sale of liquor under section 32 of the Prohibition Act, said: "The first objection we think untenable; the words of the information, 'unlawfully, willfully, and in violation of the National Prohibition Act,' are fully as comprehensive and as specific as the suggested words 'prohibited and unlawful.'" In the present case the averment that defendant "unlawfully did possess a certain intoxicating liquor," followed by a description thereof, is sufficient to characterize the act as a criminal offense within the purview of the statute.

■ It is urged that an interpretation of the statute in question is here involved which can only be reviewed by the Supreme Court of the United States under section 682, title 18, U. S. Code (18 USCA § 682), which provides: "A writ of error may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases, in the following instances, to wit: From a decision or judgment quashing, setting aside, or sustaining a demurrer to, any indictment, or any count thereof, where such decision or judgment is based upon the invalidity, or construction of the statute upon which the indictment is founded."

This relates to procedure by writ of error from a District Court of the United States to the Supreme Court. It is settled be-

yond question that the Supreme Court of the District of Columbia in a proceeding of this sort exercises the jurisdiction of a District Court of the United States, and as such would come within the provisions of the Criminal Code here in question. Arnstein v. United States, 54 App. D. C. 199, 296 F. 946; Federal Trade Commission v. Klesner, 274 U. S. 145, 47 S. Ct. 557, 71 L. Ed. 972; Swift & Co. v. United States, 276 U. S. 311, 48 S. Ct. 311, 72 L. Ed. 587.

This right to proceed by error to the Supreme Court, however, only lies where the validity or construction of the statute is involved. No such question here arises, since we are dealing solely with the sufficiency of the indictment to charge a crime under the statute. Besides, the validity and construction of this statute has been so often upheld by the courts as to wholly deprive a defendant of the right to proceed on either of the grounds provided. Where the construction of a statute and its validity have been adjudicated, the right to proceed by writ of error from a District Court to the Supreme Court on either of these grounds will no longer be recognized.

As to the sufficiency of the indictment, we find no reason to change our views as expressed in the opinion in the Jacobs Case.

The order sustaining the demurrer is reversed, and the cause is remanded for further proceedings.