## PITTS v. PEAK.
### No. 5351.

Court of Appeals of District of Columbia.
Argued April 6, 1931.
Decided May 4, 1931.

T. Morris Wampler, of Washington, D. C., for appellant.

Nugent Dodds, Leo A. Rover, and Neil Burkenshaw, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

GRONER, Associate Justice.

The petitioner Pitts was convicted in the Supreme Court of the District of Columbia on an indictment charging conspiracy under section 37 of the Federal Criminal Code (18 USCA § 88). After sentence, he filed a petition for a writ of habeas corpus, alleging that the Supreme Court of the District was without jurisdiction. On appeal to this court, petitioner correctly states that the only question for decision here is whether the Supreme Court of the District of Columbia, holding a criminal court, had jurisdiction to try him upon an indictment alleging a violation of section 88, title 18, USCA (Criminal Code, § 37). The statute in question makes it a crime to conspire to commit any offense against the United States, and a subsequent section (546) makes the offense triable in the *District Court of the United States* for the appropriate district. From this petitioner argues that since by statutory enactment the offense of conspiracy is triable in a district court of the United States, his indictment and trial in the Supreme Court of the District of Columbia was unlawful, and the sentence imposed wholly without effect. We think there is no merit in this contention.

Section 81 of title 18, D. C. Code, 1929, provides: "Except as otherwise provided in section 258 of this title, the trial of crimes and misdemeanors committed in the District of Columbia shall be in the supreme court of the District of Columbia holding a special term as a criminal court."

Section 258 referred to in the statute deals solely with the jurisdiction of the juvenile court, and therefore is without any significance so far as the question here is concerned. And section 43 of the same title provides: "The said court shall possess the same powers and exercise the same jurisdiction as the district courts of the United

486

States, and shall be deemed a court of the United States."

It is, of course, not contended that the act of Congress creating the offense of conspiracy and its punishment is not applicable to the District of Columbia, for section 21, title 1, D. C. Code 1929, provides: "The common law, the principles of equity and admiralty, all general acts of Congress not locally inapplicable in the District of Columbia, and all acts of Congress by their terms applicable to the District of Columbia and to other places under the jurisdiction of the United States, in force in the District of Columbia on March 3, 1901, shall remain in force except in so far as the same are inconsistent with, or are replaced by, subsequent legislation of Congress."

But it is contended that because it is not specifically made an offense under the laws of the District, an indictment under it must be tried in a District Court of the United States, and that since, under the provisions of the District law, section 56, title 18, D. C. Code 1929, providing for special terms of the Supreme Court, one of said terms in designated as "the district court of the United States," and by the act of April 19, 1920 (section 347, title 18, D. C. Code 1929), Congress has provided for the drawing of petit jurors for service in the various special terms, including inferentially said term as District Court of the United States, the trial of petitioner should have been had in a court so designated rather than in the Supreme Court of the District of Columbia holding a special term as a criminal court, but we regard this as a play upon words, for, first of all, it overlooks section 58 of title 18, wherein it is provided that the several terms "are declared to be terms of the supreme court," and more particularly section 81 of title 18 which specifically provides that the trial of crimes and misdemeanors committed in the District shall be had in the Supreme Court holding a special term as a criminal court, and this we think means all crimes, and so we have already had occasion to hold in Arnstein v. U. S., 54 App. D. C. 199, 201, 296 F. 946, that offenses made such by a law of the United States, and which by their terms are not inapplicable in the District of Columbia, are triable in the Supreme Court of the District though by the terms of the act creating the offense it is made triable in a district court of the United States, and this not only because the statute so declares but because the Supreme Court of the District as such possess all the powers and exercises all the authority conferred by acts of Congress on the District Courts of the United States. The Supreme Court of the District is a court of the United States (section 43, title 18, D. C. Code 1929) for the administration of the laws of the United States. It is made such by enactment of Congress, and derives its jurisdiction and powers from the same source as, and in this respect is like, all other inferior law courts of the United States, for only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress. Kline v. Burke Const. Co., 260 U. S. 226 at page 234, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077. But Congress in turn derives its powers from the Constitution. It is therefore, we think, not precisely accurate to speak of the Supreme Court of the District as a legislative court, except in like manner as all other inferior courts of the United States are legislative courts, or to liken it to consular courts, or to that class of courts or tribunals created by Congress to perform some function primarily belonging to the Congress but which it may rightfully exercise or delegate, or to territorial courts, of which Chief Justice Marshall said, in American Ins. Co. v. Canter, 1 Pet. 511, 546, 7 L. Ed. 242, they "are not constitutional courts, in which the judicial power conferred by the constitution on the general government, can be deposited. They are incapable of receiving it," for this is not true of the Supreme Court of the District of Columbia because, as was said by the Supreme Court, speaking of that court, "We find here a court which by acts of Congress is to be treated as a District Court of the United States." Federal Trade Commission v. Klesner, 274 U. S. 145, 158, 47 S. Ct. 557, 560, 71 L. Ed. 972, and which, by act of Congress, has had conferred upon it all the power and jurisdiction conferred by Congress upon the District Courts under article 3 of the Constitution. That Congress has also conferred upon the supreme court of the District jurisdiction in or powers beyond those designated cases and controversies prescribed by section 2 of article 3 does not, we think, change the nature or constitution of that court, but grows, rather, out of another constitutional provision found in section 8 of article 1 granting to Congress power to exercise exclusive legislation in all cases whatsoever over the District of Columbia, which, as the Supreme Court said in Keller v. Potomac Electric Power Co., 261 U. S. 428, 442, 43 S. Ct. 445, 448, 67 L. Ed.

731, means "that as to the District Congress possesses, not only the power which belongs to it in respect of territory within a state, but the power of the state as well. In other words, it possesses a dual authority over the District, and may clothe the courts of the District, not only with the jurisdiction and powers of federal courts in the several states, but with such authority as a state may confer on her courts," and this latter authority, that is to say, the sovereign power of the state, as was held in Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150, may permit legislative and judicial powers to be united in a single hand. But it by no means follows that because Congress has seen fit, by virtue of its authority over the District of Columbia, to confer upon the courts of the District administrative functions, which outside the District it may not confer upon courts created solely under article 3, these courts are any the less created under that article of the Constitution, nor do we know of anything in the history of these courts or in the legislation with relation to them which would indicate the contrary. We think a reasonable and correct view of the subject would indicate that, in the creation and organization of the superior courts of the District of Columbia, Congress has availed of its dual constitutional right in the first place to establish courts of law and invest them, as it has; with power and jurisdiction over all cases and controversies which, under the authority of article 3, it has invested the district courts of the United States, and, in the second place, in the exercise of the power of a sovereign state, under the provisions of section 8 of article 1, has further imposed upon them jurisdiction and power which it cannot impose upon other like courts functioning outside the District. There is no inhibition in the Constitution against the exercise by Congress of this dual power, arising as it does out of an express grant in the one case (article 3) and an implied grant in the other (article 1, § 8), nor does its exercise in the one case exhaust its power and prevent its exercise in the other, and therefore we assume, when Congress created the two courts—the District Courts of the United States and the Supreme Court of the District of Columbia—and gave to each, within its own sphere, identical jurisdiction, that it drew its power from the same source, even though it was necessary it should have recourse to another provision of the Constitution in order to clothe the courts at the seat of government with other and additional authority not permissible under article 3.

We therefore reach the conclusion that the Supreme Court of the District of Columbia, by that name, is the proper tribunal, under the acts of Congress, for the trial of offenses which outside the District would be triable in a District Court, and that therefore the denial of the habeas corpus and the dismissal of the writ was in all respects correct and should be and is affirmed.

Affirmed.