**REPUBLIC OF CHINA v. PANG–TSU MOW et al.**

Civ. No. 4741–51.

United States District Court
District of Columbia.

Decided Dec. 10, 1951.

Robert Patterson, New York City, William E. Leahy, Wm. J. Hughes, Jr., Washington, D. C., for plaintiff.

Roberts & McInnis, Washington, D. C., for defendants.

KIRKLAND, District Judge.

In this case plaintiff filed a complaint for an accounting and an injunction against the defendants to require them to account for records and funds of the Chinese Air Force Office in the United States of America. Lieutenant General Pang-Tsu Mow, Deputy Chief of the Chinese Air Force, was appointed by the Republic of China to head the Chinese Air Force Office in the United States. Lieutenant Colonel Ve-Shuen Hsiang was appointed as his executive of-

**648**

ficer. In their official capacity they were intrusted with large sums of money by the Republic of China to conduct a procurement program for equipment and supplies for the use of the Chinese Air Force. On April 30, 1951, the Government of the Republic of China in Formosa issued an order abolishing the Chinese Air Force Office in the United States and creating a new agency designated as the "Chinese Defense Ministry Procurement in the U. S. A." with Brigadier General T. K. Pee, Military Attache of the Chinese Embassy in Washington as Chairman. The order directed that all funds and relevant records held by the Chinese Air Force Office in Washington be handed over to the newly created procurement commission, and further provided that funds so taken over should be entrusted to the joint custody of General Mow, General Pee and K. H. Yu, Secretary of the Commission. Plaintiff charges that defendants have refused to comply with the terms of this order and seek relief in this Court for an accounting of these records and funds.

There are before the Court at this time the following preliminary matters.

Motion for preliminary injunction,

Motion to vacate and/or modify order designating a disinterested person to take possession of the premises, etc.

Motion to dismiss for lack of jurisdiction, improper venue, insufficiency of process and/or insufficiency of service of process

Motion to vacate temporary restraining order.

■ This Court is a Court of the United States, 28 U.S.Code, § 88, and has general jurisdiction of all cases in law and equity between parties who are residents of or who are found within the District of Columbia. D.C.Code 1940 Ed. § 11–306. The plaintiff is represented in the District of Columbia by its agent, the Ambassador of the Republic of China to the United States. The defendants are allegedly residents of the District of Columbia and are before the Court by virtue of a general appearance entered by their authorized counsel.

■ The first point to be considered is the allegation that the government of the Republic of China has not authorized this suit in its behalf. In support of this contention defendants urge that there is a question within the government of the Republic of China concerning the identity of its president. Defendants urge that this Court is without jurisdiction to determine internal controversies of a foreign power. With this point the Court agrees. However, it is not necessary for the Court to decide this controversy if one there be.

■ The recognition by the political department of the United States government of a foreign government is conclusive of its legal status as far as the United States Courts are concerned. Oetjen v. Central Leather Company, 1918, 246 U.S. 297, 38 S.Ct. 309, 62 L.Ed. 726. In a case decided the same day by the Supreme Court, the Court considered the effect of recognition by the United States government of the government of Carranza as the *de facto* and later the *de jure* government of Mexico and said: "It is settled that the courts will take judicial notice of such recognition, as we have here, of the Carranza government by the political department of our government (Jones v. United States, 137 U.S. 202, 11 S.Ct. 80, 34 L. Ed. 691), and that the courts of one independent government will not sit in judgment on the validity of the acts of another done within its own territory." Ricaud v. American Metal Company, Ltd., 1918, 246 U.S. 304, 38 S.Ct. 312, 313, 62 L.Ed. 733. The Court has received through an interchange of letters with the State Department a certification that this government recognizes the Honorable V. K. Wellington Koo as the duly authorized ambassador of the Republic of China in the United States. This procedure of obtaining such certification is well established. Sullivan v. Sao Paulo, D.C., 36 F.Supp. 503.

■ As long as the political department of the United States recognizes one as the proper ambassador or representative of a foreign government in the United States, the Court must accept the acts of this agent as the acts of his government,

Agency of Canadian Car & Foundry Company, Ltd., et al. v. American Can Company, 1919, 258 F. 363, 368, 6 A.L.R. 1182. If a national of this foreign power challenges the right of this person to the post of ambassador, then the question must be decided by our political department, the executive department of the United States. This Court cannot entertain the statement of a citizen of a foreign country that he is the president of that country and that the ambassador is not authorized to act as he has when the State Department has certified that person, as the recognized ambassador to this country. Neither the defendants nor Mr. Li Tsung-Jen, duly elected vice president of the Republic of China and claimant to the presidency, challenge the ambassadorial rank now held by Mr. Koo. Counsel asserts that Mr. Li plans to file a protest with the United Nations General Assembly to seek a determination of the legality of Chiang Kai-Shek's position as President of the Republic of China. The Court obviously cannot consider proposed actions of one who is not even a party to this action.

The letter of the Honorable James Webb, Acting Secretary of State, to the Court under seal of the State Department, dated November 28, 1951, is conclusive of Ambassador Koo's position as the duly recognized ambassador of the Republic of China to the United States. In the case of Agency of Canadian Car & Foundry Company, Ltd., et al.; v. American Can Company, supra, the Court of Appeals for the Second Circuit considered the extent of the authority of an ambassador and the effect of his recognition by the State Department, and ruled, "So that the certificate of the Secretary of State, above referred to, certifying to the official character of Boris Bakhmetieff as the Russian ambassador to the United States is not only evidence, but it is the best evidence, of Mr. Bakhmetieff's diplomatic character, and is to be regarded by the courts as conclusive of the question, and the court could not proceed upon argumentative and collateral proof. And the certificate of Mr. Bakhmetieff, given under his hand and seal as Russian ambassador, concerning the membership and powers of the Russian Supply Committee, must be regarded in like manner as an authoritative representation by the Russian government on that subject, and as such binding and conclusive in the courts of the United States against that government on the matters to which it relates."

The law of that case requires this Court to give conclusive effect to the authorization of Ambassador Koo to institute this suit on behalf of his government.

Counsel for the defendants concede the power of this Court to entertain this suit otherwise, but contend that the Court should decline to take jurisdiction because of the grave international problems involved, and that fact is probably the strongest reason for exercising jurisdiction. No problem of international law is before the Court. The problem of the applicable law herein, if a problem there be, is one of conflict of laws, and since the acts complained of which are cognizable in this Court—the acts of the ambassador—took place in this forum, the Court is bound to apply the law of the forum.

For purposes of illustration, assume that the Court declined jurisdiction of this case. This would leave a friendly power with no alternative but to resort to acts of force to deal with its citizens on foreign soil. The orderly administration of justice and the policy of co-operation with a friendly foreign power require this Court to exercise its jurisdiction to aid that country's control over its representatives in the United States. The Court will not interfere in the internal affairs of a foreign country, but no such interference is prayed for in this action. The Court is merely exercising its jurisdiction in aid of the power of an ambassador to this country to enforce his orders and mandates to his subordinates resident here. Accordingly, the Court rules that the case is properly brought and this Court has jurisdiction over the subject matter and the parties.

The act of the Court in appointing a disinterested person, supplementing the restraining order, to aid in main-

taining the *status quo,* pending the outcome of this litigation. is also challenged. Counsel for defendants alleges that this order has interrupted the operations of the Chinese procurement program. If this is so, it is only because the defendants make it so. Ambassador Koo has delegated persons to take charge of this program and continue its functions, but they have been prevented from so doing because the defendants have refused to relinquish their posts as ordered. Defendants contend further that this order is in violation of Rule 34, F.R.C.P., T. 28 U.S.Code. The copious citation of authority in support of this argument is not applicable here. There is, not merely, an allegation in the complaint that the records of the Chinese Air Force are the property of the Republic of China, but defendants do not deny this fact. They deny only the right of the Ambassador to assert this ownership on behalf of the Republic of China, and also take possession of these records and funds as agent for the government. The Court has pointed out above that Ambassador Koo has the right and the power to act for his government in matters under his government's control. The order issued in this case merely gives the authorized agent of the Republic of China access to property belonging to the Republic of China. It also seeks to maintain the *status quo* under the Court's broad equity powers to maintain control of those books, records and other things which are the subject of the ultimate disposition of this case. Rule 34 certainly does not encompass a situation where a litigant seeks access to his own property.

The preliminary injunction will issue in terms provided by the Court and Mr. Mc-Cracken will continue in his capacity with rights and duties as prescribed by the Court, subject to further modification by the Court.

Therefore, the motion to dismiss is overruled, the preliminary injunction will be granted, and the order designating a disinterested person to take possession of the premises will be continued subject to future modifications by the Court. An appropriate order will be prepared.