**PANG–TSU MOW et al. v. REPUBLIC OF CHINA (two cases).**

Nos. 11265, 11392.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 7, 1952.

Decided Nov. 20, 1952.

Writ of Certiorari Denied April 6, 1953.
See 73 S.Ct. 784.

See also, 105 F.Supp. 411.

196

Mr. William A. Roberts, Washington, D. C., with whom Messrs. Warren Woods, Edward G. Villalon and Mrs. Irene Kennedy, Washington, D. C., were on the brief, for appellants.

Mr. William E. Leahy, Washington, D. C., with whom Mr. William J. Hughes, Jr., Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, PROCTOR and FAHY, Circuit Judges.

FAHY, Circuit Judge.

These appeals, consolidated for hearing, are from orders of the District Court entered in a single suit brought by the Republic of China, plaintiff and appellee, against Mow and Hsiang, defendants and appellants. Defendants are alleged to be citizens of the Republic of China temporarily residing in the District and .to have been agents of plaintiff in the direction of the "Chinese Air Force Office in U.S.A." The complaint alleges that defendants in the management of the Office shared control over considerable funds entrusted by plaintiff to Mow for purchases for the Chinese Air Force, for the development of the aeronautical industry in the Republic of China, and as a revolving fund for administrative and other authorized payments. The funds are stated to have aggregated some $49,-000,000. The complaint sets forth that it was defendants' duty to expend plaintiff's property for purposes it authorized, the balance to be returned on demand, to make periodic accounts, and to keep proper books. Defendants are alleged to have violated these duties by presenting purported accounts covering some $24,000,000 unsupported by vouchers and inadequate in other respects. It is said further that defendants were notified the Office had been abolished and were ordered to pay over and transfer to a new governmental agency the Office funds and records, which they refused to do, and that Mow was also ordered to turn over all government funds under his control and all relevant records to the Chinese Ambassador to the United States and another named official, which he also refused to do. Finally it is alleged that the unexpended portion of the funds remaining in the possession and under the control of either or both defendants, stated to amount to more than $7,000,000, has been

and is being concealed and withheld from plaintiff by defendants and used by them for unauthorized expenses. To avoid irreparable and immediate injury plaintiff prayed injunctive relief to protect, in various stated manners, its funds, properties and records and to require delivery of its moneys and properties to plaintiff. An accounting and final decree for surrender to plaintiff of said moneys, properties, books and papers were also prayed. The complaint was sworn to by the Vice-Minister of Justice of the Republic of China, who also made a detailed affidavit in aid of the motion for preliminary injunction.

The appeal in No. 11265 is from an order of the District Court of December 10, 1951, which overruled defendants' motion to dismiss the complaint, granted a preliminary injunction, and continued in effect, subject to future modifications, an order designating a disinterested person to take possession of the premises of the Air Force Office.

■ I. The order overruling the motion to dismiss is not final and so is not appealable under 28 U.S.C. § 1291 (Supp. V, 1952).[1] Toomey v. Toomey, 1945, 80 U.S. App.D.C. 77, 149 F.2d 19. Nor is the order continuing the appointment of a custodian final within that provision. We therefore do not have jurisdiction of these orders unless they fall within 28 U.S.C. § 1292 (Supp.

V, 1952).[2] Clearly they are not among the type of interlocutory or other orders enumerated in that section. Furthermore, the District Court has not made the direction and determination required by Rule 54(b), Fed.R.Civ.P.[3], as a prerequisite to appealability in a multiple claim case such as this when less than all claims have gone to judgment at the time of appeal. See David v. District of Columbia, 1950, 88 U.S.App. D.C. 92, 187 F.2d 204. Therefore, insofar as the appeal is from the overruling of defendants' motion to dismiss the complaint and continuing in effect the order appointing a custodian, it must be dismissed.

■ II. The appeal from the interlocutory order granting a preliminary injunction [D. D.C., 1951, 101 F.Supp. 646], however, is within our jurisdiction under 28 U.S.C. § 1292, n. 2, supra. This statute explicitly authorizes an appeal from such an interlocutory order, and we do not think a determination and direction under Rule 54(b) is a condition thereto even though the suit involves multiple claims. The Rule is designed to preclude appeal until there is finality. The statutory provision for appeal from an interlocutory order involving an injunction is an exception to the necessity for finality. Reconciliation of the Rule with the statute requires that the former be not construed so as to supplant the exception. Furthermore, in Sibbach v. Wilson & Co., 1941, 312

1. "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * * except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291 (Supp. V, 1952).

2. In part this provision reads:
"The courts of appeals shall have jurisdiction of appeals from:
"(1) Interlocutory orders of the district courts of the United States * * * or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;
"(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property * * *." 28 U.S.C. § 1292 (Supp. V, 1952).

3. "(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims. As amended Dec. 27, 1946, effective March 19, 1948." Rule 54(b), Fed.R. Civ.P., 28 U.S.C.A.

U.S. 1, 10, 61 S.Ct. 422, 85 L.Ed. 479, rehearing denied, 312 U.S. 655, 61 S.Ct. 422, 85 L.Ed. 479, the Court, citing and construing 48 Stat. 1064 (1934), 28 U.S.C. § 723b (1946) [now § 2072], which empowered it to promulgate procedural rules for the district courts, said that the Court was unable "by rule, to extend or restrict the jurisdiction conferred by a statute." [312 U.S. 1, 61 S.Ct. 425.] See, also, United States v. Sherwood, 1941, 312 U.S. 584, 589–590, 61 S.Ct. 767, 85 L.Ed. 1058; Cutting Room Appliances Corp. v. Empire Cutting M. Co., 2 Cir., 1951, 186 F.2d 997; Raylite Electric Corp. v. Noma Electric Corp., 2 Cir., 1948, 170 F.2d 914, which makes no mention of Rule 54(b). Contra: Packard Motor Car Co. v. Gem Mfg. Co., 7 Cir., 1950, 187 F.2d 65, certiorari granted, 1951, 341 U.S. 930, 71 S.Ct. 803, 95 L.Ed. 1360, dismissed by stipulation, 342 U.S. 802, 72 S.Ct. 92.

In reviewing this preliminary injunction we may, see Deckert v. Independence Corp., 1940, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189, inquire as to both the jurisdiction of the District Court and the adequacy of the complaint, for no preliminary injunction may stand if the complaint itself cannot stand. But such inquiry is made on review under 28 U.S.C. § 1292 of the order granting the preliminary injunction and not of the order denying the motion to dismiss which, as we have seen, is not itself now within our jurisdiction.

▮▮▮▮ (a) Defendants contend the District Court was without jurisdiction to give relief by preliminary injunction or otherwise because Article III, Section 2, Clause 1, of the Constitution, in its definition of the judicial power of the United States, does not include a suit between aliens. This provision relates to the scope of Federal judicial power in a general sense without special reference to the District of Columbia. The considerable judicial residuum not granted to the United States remains with the several states and, since there is no state jurisdiction in the District of Columbia, appellant argues that a sort of judicial vacuum exists here with respect to actions and parties not covered by the power granted to the Federal judiciary under Article III. But we think it clear the founders avoided this result by the terms of Article I, Section 8, Clause 17, of the Constitution, which provides that Congress shall have power "To exercise exclusive Legislation in all Cases whatsoever, over such District [of Columbia] * * *." This provision is to be harmonized with Article III, Section 2, Clause 1. National Mutual Ins. Co. of Dist. of Columbia v. Tidewater Transfer Co., 1949, 337 U.S. 582, 69 S.Ct. 1173, 93 L.Ed. 1556. The harmonizing process leads inevitably to the conclusion that when parts of Maryland and Virginia became originally incorporated within the District of Columbia the authority of Congress over this ceded area, resting upon Article I, was sufficient to enable it to clothe the courts here with jurisdiction like that left behind in Maryland and Virginia. Congress has done this by the enactment of what is now § 11–306, D.C.Code (1951), granting to the United States District Court for the District of Columbia cognizance "of all cases in law and equity between parties, both or either of which shall be resident or be found within said district * * *." See National Mutual Ins. Co. of Dist. of Columbia v. Tidewater Transfer Co., supra; O'Donoghue v. United States, 1933, 289 U.S. 516, 53 S.Ct. 740, 77 L.Ed. 1356; Keller v. Potomac Elec. Co., 1923, 261 U.S. 428, 43 S.Ct. 445, 67 L.Ed. 731; Fehlhaber Pile Co. v. Tennessee Valley Authority, 1946, 81 U.S.App.D.C. 124, 155 F.2d 864; King v. Wall & Beaver Street Corp., 1944, 79 U.S.App.D.C. 234, 145 F.2d 377; Pitts v. Peak, 1931, 60 App.D.C. 195, 50 F.2d 485.

(b) When we add to the foregoing that plaintiff sued in the District Court and that defendants submitted to its process, it is clear jurisdiction over the parties became complete. The Republic of China is a sovereignty and has standing to sue unaffected by its character as the government of a foreign nation.[4] It is under no disability by statute or otherwise which might in time of

---

4. In response to a communication from the District judge the State Department, through its Acting Legal Adviser for the Acting Secretary of State, advised that the Government of the United States recognizes the National Government of

war, for example, bar our courts to the governments of unfriendly nations. See Ex parte Colonna, 1942, 314 U.S. 510, 62 S.Ct. 373, 86 L.Ed. 379. The defendants on their part, though aliens, are individuals who may be sued here under § 11–306, D.C.Code (1951).

(c) The subject matter of the suit, as shown by the complaint, is also within the jurisdiction of the District Court. The suit is equitable in nature, designed to protect property asserted to belong to plaintiff, to prevent misuse of its funds by those alleged to have been its agents, and to secure an accounting from them. Clearly relief by preliminary injunction is appropriate, provided when such relief is granted there is enough to substantiate plaintiff's claims so as to move the court in the exercise of a sound discretion to intervene by its process. The detailed affidavit of the Vice-Minister of Justice, with exhibits, together with the sworn complaint, though controverted in considerable part by affidavits filed in behalf of defendants, furnished adequate basis for the trial judge's decision to prevent, pending final hearing, any further use of the relevant funds and properties by the defendants, contrary to the orders of the government which owned them, and to protect the properties and records insofar as possible by the appointment of a disinterested person as their custodian. Findings of fact of the trial judge, and his conclusions of law, are adequate support for these provisions and rest upon a permissible view of the record as it was then comprised.

III. The issues posed by defendants as to who is president of the Republic of China and the propriety of the court below acting so as to enforce indirectly the penal laws of China, do not affect our conclusions as to jurisdiction and the adequacy of basis for interlocutory relief. The Republic of China itself, not its president, is the plaintiff. Its status to sue, see n. 4, supra, is unaffected by controversy over

the presidency. Mr. Koo, who defendants say is responsible for the action, is plaintiff's recognized Ambassador. See n. 4, supra. And if, as we think is the case, basis for the interlocutory relief is present, then such relief need not be withheld because in some sense it may be described as a substitute for penal action.

IV. We turn to the appeal in No. 11392. It seeks to bring before us an order of March 3, 1952, which entered default judgment against defendant Mow, struck his pleadings, made permanent as to him the preliminary injunction of December 10, 1951, directed him to render an accounting of moneys and properties placed under his control by plaintiff or any branch or agency of plaintiff during a stated period, ordered him to surrender to plaintiff all said moneys and properties not expended or used for purposes authorized by plaintiff, and required him to deliver to plaintiff all records and equipment of the Air Force Office relating to the moneys or other properties entrusted to his control by plaintiff or relating to the business of the Air Force Office. The order further referred the cause to the auditor of the court for hearings, findings and report.

V. The default appears to have been entered against Mow under Rule 37 (d), Fed.R.Civ.P., for alleged wilful failure to appear for the taking of his deposition. The default, in and of itself and insofar as it incorporates the reference to the auditor, is not final and appealable under 28 U.S.C. § 1291, n. 1, supra. Further proceedings are required before the auditor. "The entry of a default is not a final disposition of the case, the default being similar to a decree in equity that the bill be taken for confessed," 3 Freeman, Judgments § 1281 (5th ed. 1925), where such further proceedings are required as here. See, also, Latta v. Kilbourn, 1893, 150 U.S. 524, 539–540, 14 S.Ct. 201, 37 L.Ed. 1169. Furthermore, the default does not fall within the interlocutory orders appealable un-

the Republic of China, the seat of which is at Taipei, Formosa, and that said government is represented in the United States by Ambassador Koo, who appears to have authorized the suit. In any event

the complaint is signed by members of the bar of this court whose authority to represent the Republic of China in the litigation is not questioned.

der 28 U.S.C. § 1292, n. 2, supra. Finally, the direction and determination required for appealability by Rule 54(b), n. 3, supra, has not been made by the District Court. David v. District of Columbia, supra. The appeal from the default judgment itself, therefore, and from the order of reference to the auditor, will be dismissed.

VI. We take up now those parts of the order of March 3rd which struck Mow's pleadings and ordered him to take the affirmative steps we have above outlined. Like the default, these portions of the order appear to have been entered under Rule 37(d). The striking of the pleadings and the requiring of the stated affirmative action were not intended by the court below, and we do not construe them, as within the enumeration of interlocutory orders made appealable by 28 U.S.C. § 1292, n. 2, supra. They do, however, have aspects of finality even though they are not dispositive of the case as a whole. See United States v. Cefaratti, 1952, 91 U.S.App.D.C. ——, 202 F.2d 13. Nevertheless they cannot be considered final and appealable under 28 U.S.C. § 1291, n. 1, supra, because of the absence of the requisite determination and direction under Rule 54(b), n. 3, supra. In this situation we lack jurisdiction now to review these portions of the order of March 3, 1952. David v. District of Columbia, supra.

VII. We treat separately that portion of the order of March 3, 1952, which made the preliminary injunction permanent as to Mow. Ordinarily an order at an interim stage of the proceedings granting an injunction is appealable under 28 U.S.C. § 1292; and if it is to be considered final it is appealable under 28 U.S.C. § 1291. There are, however, special circumstances which guide our decision as to this part of the order. We have upheld the preliminary injunction. For like reasons we will not disturb the order making that injunction permanent; but, as we point out more fully under paragraph VIII below, it is actually not permanent because the default upon which it rests is subject to revision under the terms of Rule 54(b), and it must bear the same characteristic.

VIII. The orders or parts which we have indicated are not now within our appellate jurisdiction because of the absence of a determination and direction under Rule 54(b), are subject to the following provision of that Rule:

" * * * In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims. * * *" [5]

These orders, therefore, are subject to revision. This accomplishes in substance what defendants seek by their contention the default could not validly be entered against only one of two defendants sought to be held jointly responsible, so we need not separately consider that contention. The effect also is to keep the so-called permanent injunction in what amounts to a temporary status, because, being grounded upon the default, it is subject to revision.

IX. We do not discuss the merits of the contention that the order of February 26, 1952, for delivery to the custodian of books and papers, is excessive in scope. No appeal was taken from that order. Like comment applies to the argument in this court over the validity of the opinion expressed by the District Court as to plaintiff's sovereign immunity from a counterclaim filed by defendants for libel and unlawful conversion. No appeal brings the opinion before us.

Appropriate proceedings may go forward in the court below, as indeed was the effect of our order of September 29, 1952, insofar as the matters then before us were concerned.

Our view, in summary, is that jurisdiction of the suit obtains in the District Court under the Constitution and statutes; the order of December 10, 1951, granting the preliminary injunction is valid and should be affirmed; and the appeal from those parts of the same order which continued a disinter-

---

5. As amended December 27, 1946, effective March 19, 1948. For full text of Rule 54(b), see n. 3, supra.

ested person as custodian and denied defendants' motion to dismiss, should be dismissed.[6] The appeal from those parts of the order of March 3, 1952, which entered default and referred certain aspects of the case to the auditor, which struck defendant Mow's pleadings and required him to take certain affirmative steps, will also be dismissed, these provisions of the order, however, remaining subject to revision under the terms of Rule 54(b). The portion of said March 3rd order making the preliminary injunction permanent as to Mow is construed as also subject to revision in the light of further proceedings, pending which the preliminary injunction may remain in effect.

It is so ordered.

---

**6.** This conforms with and confirms the action of this court under date of January 12, 1952, at an interim stage of the appeal, on motion then heard and decided.