KELLER ET AL., CONSTITUTING THE PUBLIC
     UTILITIES COMMISSION OF THE DISTRICT OF
     COLUMBIA, *v.* POTOMAC ELECTRIC POWER
     COMPANY ET AL.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF
                        COLUMBIA.

No. 260.    Argued February 26, 27, 1923.—Decided April 9, 1923.

1. In a proceeding brought by a public utility against the Public
   Utilities Commission of the District of Columbia, in the Supreme
   Court of the District, under par. 64 of § 8 of the Act of March
   4, 1913, c. 150, 37 Stat. 974, the court is empowered, not merely
   to decide legal questions and questions of fact as incident thereto,
   but also to amend and, if need be, enlarge valuations, rates and
   regulations established by the Commission, which the court finds
   upon the record and evidence to be inadequate, and to make such
   order as in its judgment the Commission should have made.    P. 440.
2. This is legislative, as distinguished from judicial, power.    *Id.*
3. Under the power " to exercise exclusive legislation in all cases
   whatsoever " over the District of Columbia, (Const. Art. I, § 8,
   cl. 17,) Congress may vest this jurisdiction in the courts of the
   District.    P. 442.
4. But such power can not be conferred upon this Court; and the
   provision made by the above act (par. 64) for appeals here from
   the Court of Appeals of the District is, therefore, void.    P. 443.
5. The failure of this provision of the act does not, however, affect
   the other provisions of par. 64 of the act giving jurisdiction to

the courts of the District, in view of the probable intent of Congress in this regard and the saving clause in par. 92.   P. 444.

6. If the provisions of the above act (pars. 65 and 69) seeking to limit the time within which recourse may be had to the courts against orders of the Commission and to put the burden of proof upon the party attacking them, are unconstitutional, the remainder of the act would not be affected, in view of the saving clause of par 92.   P. 445.

Appeal to review 51 App. D. C. 77; 276 Fed. 327, dismissed.

APPEAL, under the law creating the Public Utilities Commission of the District of Columbia, from an order or decree of the Court of Appeals of the District reversing a decree of the Supreme Court of the District, which dismissed the bill in a suit against the Commission, and remanding the case for further proceedings.

*Mr. Francis H. Stephens,* with whom *Mr. Conrad H. Syme* and *Mr. George P. Barse* were on the briefs, for appellants.

This is a "case" within the meaning of § 2 of Art. III of the Constitution. *Smith* v. *Adams,* 130 U. S. 167; *Osborne* v. *Bank,* 9 Wheat. 738, 819; *Ormsby* v. *Webb,* 134 U. S. 47; *Nashville* v. *Cooper,* 6 Wall. 247; *Interstate Commerce Commission* v. *Brimson,* 154 U. S. 447; *La Abra Mining Co.* v. *United States,* 175 U. S. 423; *Martin* v. *Hunter,* 1 Wheat. 352; *Cohens* v. *Virginia,* 6 Wheat. 264, 407; *Ex parte Milligan,* 4 Wall. 133; *Railroad Co.* v. *Mississippi,* 102 U. S. 140; *Ex parte Carll,* 106 U. S. 521; *Marbury* v. *Madison,* 1 Cr. 138; *Owings* v. *Norwood's Lessee,* 5 Cr. 348; *Wood Paper Co.* v. *Heft,* 8 Wall. 336; *Irvine* v. *Marshall,* 20 How. 565.

Congress cannot impose a legislative or executive or administrative duty upon a court exercising the judicial power mentioned in Art. III, § 1, of the Constitution. *Hayburn's Case,* 2 Dall. 408; *United States* v. *Ferreira,* 13 How. 40; *Gordon* v. *United States,* 2 Wall. 561; *United States* v. *Jones,* 119 U. S. 477.

It is not believed that the instant case falls within the decision of *Muskrat* v. *United States,* 219 U. S. 246, where the Court had under review the constitutionality of a statute which conferred jurisdiction upon the Court of Claims to examine and pass upon the constitutionality of certain laws passed by Congress affecting the Cherokee Indians and the right of appeal from that court to the Supreme Court of the United States. Neither does it fall within the decision of *Gordon* v. *United States,* 2 Wall. 561; 117 U. S. 699. This Court has on numerous occasions clearly distinguished between functions of the legislature (or a commission acting for the legislature) and the functions of the courts, so far as concerns rate-making and the valuations upon which rates are based. *Reagan* v. *Farmers' Loan & Trust Co.,* 154 U. S. 362, 397; *Knoxville* v. *Knoxville Water Co.,* 212 U. S. 1, 8; *Ohio Valley Water Co.* v. *Ben Avon Borough,* 253 U. S. 287; *Denver* v. *Denver Union Water Co.,* 246 U. S. 178; *Newton* v. *Consolidated Gas Co.,* 258 U. S. 165; *Columbus Ry. Co.* v. *Columbus,* 249 U. S. 399; *Rowland* v. *St. Louis & San Francisco R. R. Co.,* 244 U. S. 106; *Des Moines Gas Co.* v. *Des Moines,* 238 U. S. 153; *Lincoln Gas Co.* v. *Lincoln,* 250 U. S. 256; *Interstate Commerce Commission* v. *Union Pacific R. R. Co.,* 222 U. S. 541.

Upon the nature and powers of the courts of the District of Columbia, see: Const., Art. I, § 8, cl. 17; Rev. Stats. D. C., § 760; *United States* v. *Kendall,* 5 Cr. C. C. 164; *Ex parte Norvell,* 20 D. C. 348; 9 Mack. 352; *In re Spencer,* MacA. & M. 433; *Noerr* v. *Brewer,* 1 MacA. 507; *Cohens* v. *Virginia,* 6 Wheat. 264, 424; *Loughborough* v. *Blake,* 5 Wheat. 317; *Embrey* v. *Palmer,* 107 U. S. 3; *Deposit Bank* v. *Frankfort,* 191 U. S. 516; *Moss* v. *United States,* 23 App. D. C. 483.

The case arises under the Constitution. *Hollis* v. *Kutz,* 255 U. S. 482; *Columbus Ry. Co.* v. *Columbus,* 249 U. S. 399; and other cases.

The case also arises under the laws of the United States.

There is nothing in the Constitution which requires a final judgment as a necessary element for the exercise of the appellate power of this Court. This is exemplified by the legislation permitting this Court to review cases from inferior federal courts entering interlocutory orders granting injunctions. *United States Fidelity Co.* v. *Bray,* 225 U. S. 205; *Denver* v. *New York Trust Co.,* 229 U. S. 123.

It is questionable whether this judgment is a final judgment in form, but there cannot be much doubt that it was a final judgment in substance. *Grant* v. *Phoenix Ins. Co.,* 106 U. S. 429; *Winthrop Iron Co.* v. *Meeker,* 109 U. S. 180; *Carondelet Canal Co.* v. *Louisiana,* 233 U. S. 362; *Forgay* v. *Conrad,* 6 How. 201.

*Mr. John A. Garver,* with whom *Mr. S. R. Bowen* and *Mr. John S. Barbour* were on the briefs, for appellee.

The judgment appealed from was final. But this is immaterial.

There is no provision in the Federal Constitution limiting the appellate jurisdiction of this Court to appeals from final judgments.

In the case of the Public Utilities Act, now under consideration, Congress was of the opinion that any decision made by the Commission, pursuant to the powers conferred upon it, was of such great public interest and importance that, in reviewing the exercise of those powers, the decision of the Supreme Court of the District, and, in case of an appeal to the District Court of Appeals, the decision of that court, whether resulting in a final judgment or not, might be carried by appeal to this Court by either party in interest. *Interstate Commerce Commission* v. *Baird,* 194 U. S. 25.

This Court has not hesitated to review appeals from interlocutory orders and decrees, where the right was

expressly conferred by statute. *United States* v. *Baltimore & Ohio R. R. Co.*, 225 U. S. 306; Jud. Code, § 210; Act October 22, 1913, 38 Stat. 220.

An act creating a commission with regulatory powers over public utilities must prescribe the principles and procedure to be observed by the commission in the exercise of such powers. Otherwise, the statute will be invalid, in attempting to confer discretionary legislative powers upon the commission. *Wichita R. R. Co.* v. *Public Utilities Commission*, 260 U. S. 48.

A regulatory act will be declared invalid unless it contains provisions enabling the utilities to review in the courts acts of the commission complained of as affecting their property rights. *Ohio Valley Water Co.* v. *Ben Avon Borough*, 253 U. S. 287; *Saratoga Springs* v. *Saratoga Gas Co.*, 191 N. Y. 123.

Under § 2 of Art. III of the Constitution, Congress could not, in the present case, confer appellate jurisdiction upon this Court, unless there is a constitutional question involved or unless a judicial question arises under the act itself, which the courts have power to consider. Only justiciable questions can be considered by the Court under Art. III.

Whether the case now before the Court involves a question which Congress could require this Court to pass upon is a question which is not confined to the jurisdiction of this Court alone, but extends to the original jurisdiction conferred upon the Supreme Court of the District, as well as upon the Court of Appeals. If Congress had the power to confer jurisdiction upon the District Supreme Court in a case of this kind, it also had the power to provide for a review by the District Court of Appeals, and by this Court, of the decision of the lower court.

To deny this power and hold that the case at bar presents no justiciable controversy would be to invalidate the entire act. For Congress clearly intended, as an integral

part of the act, to provide for a prompt review of the determinations and orders of the Commission; and this indeed it was bound to do. *Ohio Valley Water Co.* v. *Ben Avon Borough, supra.* The Court will adopt a construction of the act, if possible, which will sustain it. *United States* v. *Delaware & Hudson Co.,* 213 U. S. 366.

In valuing the property, the Commission acted judicially. Under the Interstate Commerce Act, the commissioners, in many instances, necessarily act in a judicial capacity. *Interstate Commerce Commission* v. *Cincinnati, etc., R. R. Co.,* 167 U. S. 479, 501.

Commissioners appointed to appraise property for purposes of taxation or condemnation, or to assess benefits, act judicially. *Hagar* v. *Reclamation District,* 111 U. S. 701; *Central of Georgia Ry. Co.* v. *Wright,* 207 U. S. 127; *Barhyte* v. *Shepherd,* 35 N. Y. 238; *Clark* v. *Norton,* 49 N. Y. 243; *Stuart* v. *Palmer,* 74 N. Y. 183.

Under the District Utilities Act, the Commissioners necessarily act in a judicial capacity in determining what property is used and useful in the business of the utility, in passing upon the numerous questions that arise in ascertaining the value of such property for the purposes of a rate base, such as organization and development expenses entering into the capital account, depreciation, working capital, franchise rights, the weight to be given to the testimony of witnesses, etc. The present record is full of instances where the Commissioners passed upon the admissibility and effect of the evidence; and they entirely disregarded the evidence of value furnished by the Company, on the ground that the Company valued the property as of the time when the valuation was made, rather than as of an earlier date which the Commission thought would represent normal conditions.

The question of valuation is most important. The District Utilities Act, in express terms (par. 65), makes the

50947°—23——28

valuation of the property found by the Commission final and conclusive, unless an appeal to the courts is taken by the utility within 120 days after the valuation is made.

The right to judicial review of valuation is expressly recognized by this Court. *Kansas City Southern Ry. Co.* v. *Interstate Commerce Commission,* 252 U. S. 178; *Ohio Valley Water Co.* v. *Ben Avon Borough,* 253 U. S. 287.

Official appraisal of property is universally recognized as constituting a case reviewable by the courts. In the assessment of property for purposes of taxation or benefit, the owner must be given an opportunity to be heard. Failure to afford him such an opportunity invalidates the assessment, as it deprives the owner of his property without due process of law. *Davidson* v. *New Orleans,* 96 U. S. 97, 105, 107; *Hagar* v. *Reclamation District,* 111 U. S. 701, 710; *Security Trust Co.* v. *Lexington,* 203 U. S. 323, 333; *Jewell* v. *Van Steenburgh,* 58 N. Y. 85, 90–1; *Stuart* v. *Palmer,* 74 N. Y. 183.

A tax statute for the assessment of property, which does not provide for notice to the owner, is unconstitutional and void. *Remsen* v. *Wheeler,* 105 N. Y. 573, 579.

The right to be heard upon the valuation of property about to be taken, in whole or in part, for the public benefit, being thus secured by the Constitution, it necessarily follows that the courts have the power and duty to protect it; and, in the protection of this right, it can make no difference whether all of the owner's property is taken under the power of eminent domain, or whether only a small portion of it is taken, as in the case of a general tax or in fixing a limit upon the return of property devoted to the public use.

This right of judicial review, in the case of the official valuation of property, was expressly recognized by this Court in *Hagar* v. *Reclamation District,* 111 U. S. 701.

Congress has power in the exercise of its express powers to invoke the aid of the courts.

Although Art. III of the Constitution limits the jurisdiction of the federal courts, this limitation is subject to the power of Congress to enlarge the jurisdiction, where such enlargement may reasonably be required to enable Congress to exercise the express powers conferred upon it by the Constitution. *Interstate Commerce Commission* v. *Brimson,* 154 U. S. 447; *Interstate Commerce Commission* v. *Baird,* 194 U. S. 25, 38; *Ellis* v. *Interstate Commerce Commission,* 237 U. S. 434.

Clause 17, of § 8, of Art. I, of the Constitution, empowers Congress to exercise exclusive jurisdiction, " in all cases whatsoever ", over the District of Columbia. Clause 18 of the same section confers power upon Congress " to make all laws which may be necessary and proper for carrying into execution the foregoing powers and all other powers vested by this Constitution in the Government of the United States or in any department or officer thereof."

Congress thus has just as complete power to regulate the public utilities in the District of Columbia as it has to regulate interstate commerce. Indeed, its power in the former respect is clearer, because it is not involved in the conflict which so frequently arises between the federal and state authorities in questions arising under the regulation of commerce.

The power of Congress to confer jurisdiction, in cases where the limitations contained in Art. III of the Constitution might exclude such jurisdiction, was distinctly recognized by this Court in the *Brimson Case, supra.* The power to require the production of books and papers was one which the Court thought was essential to the effective execution of the statute and which might in any particular case result in a difference of opinion or dispute between the Commission and the persons affected by their ruling. The Court recognized that the action of Congress must be regarded as lawful, " unless the incompatibility between

the Constitution and the act of Congress is clear and strong."

The argument in the *Brimson Case* is peculiarly applicable to the case at bar. The District Utilities Act confers broader powers upon the Commission than are conferred by the Interstate Commerce Act; and it was a matter of importance both to the utilities in the District and to the general public that provision should be made for the prompt disposition of any disputes growing out of the exercise of the powers conferred upon the Commission. Under this act, no question is of more vital concern, both to the public and to the utilities, than the value of the property upon which the charge for the service is based. Upon the correct ascertainment of that value depends the power of the company to serve the public properly; and only upon such a basis can the public expect to receive adequate service. *Knoxville* v. *Knoxville Water Co.,* 212 U. S. 1.

The decision in the *Brimson Case* was followed in the *Baird* and *Ellis Cases, supra.*

This Court has jurisdiction to hear the appeal herein now pending before it.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is an appeal from the Court of Appeals of the District of Columbia. It is an appeal provided for in paragraph 64 of the law creating the Public Utilities Commission of the District. The law is § 8 of an Act approved March 4, 1913, making appropriations for the District for the year ending June 30, 1914. 37 Stat. 938, 974. Paragraph 7 requires the Commission created thereby to value the property of every public utility within the District actually used and useful for the convenience of the public at the fair value thereof at the

time of the valuation. The Commission, after a public hearing, fixed the value of the Potomac Electric Power Company at $11,231,170.43. The company then filed a bill in equity in the Supreme Court of the District against the Commission, seeking to enjoin the order as unlawful, unreasonable and inadequate under paragraph 64 of the law. It made a party defendant to the bill the Washington Railway and Electric Company, because it is the sole stockholder of the Power Company.

The Supreme Court of the District upheld the findings of the Commission in every particular and dismissed the bill. From this decree, the company appealed to the Court of Appeals of the District, on the ground that the Commission and the Supreme Court had found the value as of July 1, 1914, whereas the time of the valuation was December 31, 1916, and between the two dates there had been a sharp rise in values for which the company was not made any allowance in the valuation, and also because under the circumstances of the case, and the challenge by the company that the valuation was arbitrary, the court should disregard the *prima facie* effect given by the statute to the findings of the Commission, and exercise its own independent judgment as to both law and facts so far as it was necessary to determine whether the use of such valuation as a basis of rate making would result in confiscation. The Court of Appeals sustained the appeal on these grounds and remanded the cause for further proceedings not inconsistent with its opinion.

When this appeal was opened by counsel at the bar we declined to hear the merits, and postponed the case to give both sides an opportunity to prepare to discuss the questions, first, whether Congress had the constitutional power to vest the District Courts and this Court with jurisdiction to review the proceedings of the Commission, and, second, whether if the power existed, the appeal to this Court was only intended to apply to a final decree,

and finally whether this was such a decree. Briefs have accordingly been filed and we have had an oral argument upon these questions.

The Public Utilities Law is a very comprehensive one. It applies to all public utilities in the District, except steam railways and steamboat lines. It creates a Commission to supervise and regulate them in the matter of rates, tolls, charges, service, joint rates, and other matters of interest to the public. It directs investigation into the financial history and affairs of each utility and its valuation at a fair value as of the time of valuation. It requires a public hearing on this subject. It also provides that while the utility may fix a schedule of rates, not exceeding the lawful rates at the passage of the act, which it must publish, the Commission may of its own initiative, or upon the complaint of another, or indeed of the utility itself, investigate the reasonableness, lawfulness and adequacy of the rate or service and may change the same. The utility must then adopt the change and publish its schedules accordingly. The law further provides that in such proceedings, the utility shall have notice and a hearing, that a stenographic record of the proceedings shall be kept and produced by the Commission in any court proceeding thereafter instituted to question the validity, reasonableness or adequacy of the action of the Commission.

The relevant part of paragraph 64 is given in full in the margin.[1] In short, it enables the Commission by action

---

[1] " Par. 64. That if at any time the commission shall be in doubt of the elements of value to be by them considered in arriving at the true valuation under the provisions of this section, they are authorized and empowered to institute a proceeding in equity in the Supreme Court of the District of Columbia petitioning said court to instruct them as to the element or elements of value to be by them considered as aforesaid, and the particular utility under valuation at the time shall be made party defendant in said action.

That any public utility and any person or corporation interest [ed] being dissatisfied with any order or decision of the commission fixing

in equity to invoke the advice of the District Supreme Court upon the elements in value to be by it considered in arriving at a true valuation of the property of a utility. It further grants to any utility or any person or corporate interest dissatisfied with any valuation, rate or rates or regulation or requirement, act, service or other thing fixed by the Commission the right to begin a proceeding in equity in the Supreme Court, to vacate, set aside or modify the order on the ground that the valuation, rate, regulation, or requirement is unlawful, inadequate or unreasonable. Paragraph 65 limits the time within which such a proceeding to vacate, set aside or amend the order of

---

any valuation, rate or rates, tolls, charges, schedules, joint rate or rates, or regulation, requirement, act, service or other thing complained of may commence a proceeding in equity in the Supreme Court of the District of Columbia against the commission, as defendants, to vacate, set aside, or modify any such decision or order on the ground that the valuation, rate or rates, tolls, charges, schedules, joint rate or rates, or regulation, requirement, act, service or other thing complained of fixed in such order is unlawful, inadequate, or unreasonable. The answer of the commission, on any such action being instituted against it, or the answer of any public utility on any such action being commenced by said commission against it, shall be filed within ten days, whereupon said proceeding shall be at issue and stand ready for trial.

All such proceedings shall have precedence over any civil cause of a different nature pending in such court, and the Supreme Court of the District of Columbia shall always be deemed open for the trial thereof, and the same shall be tried and determined as are equity proceedings in said court. Any party, including said commission, may appeal from the order or decree of said court to the Court of Appeals of the District of Columbia, and therefrom to the Supreme Court of the United States, which shall thereupon have and take jurisdiction in every such appeal. Pending the decision of said appeal the commission may suspend the decision or order appealed from for such a period as it may deem fair and reasonable under the circumstances: *Provided,* That no appeal, unless the court or the commission shall so order, shall operate to stay any order of the commission. . . ."

the Commission may be begun to 120 days, and thereafter the right to appeal or of recourse to the courts shall terminate absolutely. Paragraph 67 provides that if new evidence is introduced by the plaintiff different from that offered in the hearing before the Commission, unless the parties otherwise agree, the new evidence shall be sent to the Commission to enable it to change its order if it sees fit, and then the court shall proceed to consider the appeal either on the original order or the changed order as the case may be. Paragraph 69 provides that in such proceedings, the burden of proof is upon the party adverse to the Commission to show by clear and satisfactory evidence that the determination, requirement, direction or order of the Commission complained of is inadequate, unreasonable or unlawful as the case may be.

What is the nature of the power thus conferred on the District Supreme Court? Is it judicial or is it legislative? Is the court to pass solely on questions of law, and look to the facts only to decide what are the questions of law really arising, or to consider whether there was any showing of facts before the Commission upon which, as a matter of law, its finding can be justified? Or has it the power, in this equitable proceeding to review the exercise of discretion by the Commission and itself raise or lower valuations, rates, or restrict or expand orders as to service? Has it the power to make the order the Commission should have made? If it has, then the court is to exercise legislative power in that it will be laying down new rules, to change present conditions and to guide future action and is not confined to definition and protection of existing rights. In *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210, 226, we said:

"A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation on the other hand looks to the future

and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power. The establishment of a rate is the making of a rule for the future, and therefore is an act legislative not judicial in kind. . . ."

Under the law, the proceeding in the District Supreme Court is of a very special character. The court may be called in to advise the Commission as to the elements of value to be by it considered, at any stage of the hearing before the Commission. To modify or amend a valuation, or a rate, or a regulation of the Commission as inadequate, as the court is authorized to do, seems to us necessarily to import the power to increase the valuation, or rate, or to make a regulation more comprehensive, and to consider the evidence before it for this purpose. In other words, the proceeding in court is an appeal from the action of the Commission in the chancery sense. In the briefs of counsel for the Commission it is so termed. The form which the bill filed is given by the Electric Company is that of a series of exceptions to the rulings of the court on the evidence and at every stage of the hearing and finally to the conclusions of fact as against the weight of the evidence. Paragraph 69 is significant in its indication that issues of fact as to inadequacy of the action by the Commission are to be passed on by the court.

Counsel seek to establish an analogy between the jurisdiction of the District Supreme Court to review the action of the Commission, and that conferred on, and exercised by, the Federal District Courts in respect of the orders of the Interstate Commerce Commission. We think, however, that the analogy fails. The act for the creation of the Commerce Court provided (Judicial Code, § 207) that it should have the jurisdiction of the then Circuit Courts of all cases brought to enjoin, set aside or annul or suspend in whole or in part any order of the Commission. When the Commerce Court was abolished by the

Act of October 22, 1913, 38 Stat. 219, this jurisdiction
was conferred on the several District Courts of the United
States. This permits these Courts to consider all rele-
vant questions of constitutional power or right and all
pertinent questions whether the administrative order is
within the statutory authority, or is an attempted exer-
cise of it so unreasonable as not to be within it; but these
are questions of law only. *Interstate Commerce Com-
mission* v. *Illinois Central R. R. Co.*, 215 U. S. 452, 470.
Of course the consideration and decision of questions of
law may involve a consideration of controverted facts to
determine what the question of law is, but it is settled
that any finding of fact by the Commission if supported
by evidence is final and conclusive on the courts. *Inter-
state Commerce Commission* v. *Union Pacific R. R. Co.*,
222 U. S. 541, 547. A similar distinction exists between
the jurisdiction here conferred and that vested in circuit
courts of appeals in reference to proceedings before the
Trade Commission. C. 311, § 5, 38 Stat. 719. The lan-
guage of the act under discussion is much wider than that
of the Interstate Commerce Act or of the Federal Trade
Commission provisions. It brings the court much more
intimately into the legislative machinery for fixing rates
than does the Interstate Commerce Act. We can not
escape the conclusion that Congress intended that the
court shall revise the legislative discretion of the Com-
mission by considering the evidence and full record of the
case and entering the order it deems the Commission
ought to have made.

Can the Congress vest such jurisdiction in the courts
of the District of Columbia? By the Constitution, clause
17, § 8, Article I, Congress is given power " To exercise
exclusive legislation in all cases whatsoever, over " the
District of Columbia. This means that as to the District
Congress possesses not only the power which belongs to
it in respect of territory within a State but the power of

the State as well. In other words, it possesses a dual authority over the District and may clothe the courts of the District not only with thè jurisdiction and powers of federal courts in the several States but with such authority as a State may confer on her courts. *Kendall* v. *United States,* 12 Pet. 524, 619. Instances in which congressional enactments have been sustained which conferred powers and placed duties on the courts of the District of an exceptional and advisory character are found in *Butterworth* v. *Hoe,* 112 U. S. 50, 60; *United States* v. *Duell,* 172 U. S. 576, and *Baldwin Co.* v. *Howard Co.,* 256 U. S. 35. Subject to the guaranties of personal liberty in the amendments and in the original Constitution, Congress has as much power to vest courts of the District with a variety of jurisdiction and powers as a state legislature has in conferring jurisdiction on its courts. In *Prentis* v. *Atlantic Coast Line Co., supra,* we held that when " a state constitution sees fit to unite legislative and judicial powers in a single hand, there is nothing to hinder so far as the Constitution of the United States is concerned." (211 U. S. 225.) *Dreyer* v. *Illinois,* 187 U. S. 71, 83, 84.

It follows that the provisions in the law for a review of the Commission's proceedings by the Supreme Court of the District and for an appeal to the District Court of Appeals are valid. A different question arises, however, when we come to consider the validity of the provision for appeal to this Court. It is contained in the following sentence in paragraph 64:

"Any party, including said commission, may appeal from the order or decree of said court to the Court of Appeals of the District of Columbia, and therefrom to the Supreme Court of the United States, which shall thereupon have and take jurisdiction in every such appeal."

The court proceedings to review the orders of the Commission authorized by paragraph 64 are expressly required

to conform to equity procedure. In that procedure, an appeal brings up the whole record and the appellate court is authorized to review the evidence and make such order or decree as the court of first instance ought to have made, giving proper weight to the findings on disputed issues of fact which should be accorded to a tribunal which heard the witnesses. This Court is, therefore, given jurisdiction to review the entire record and to make the order or decree which the Commission and the District Courts should have made.

Such legislative or administrative jurisdiction, it is well settled can not be conferred on this Court either directly or by appeal. The latest and fullest authority upon this point is to be found in the opinion of Mr. Justice Day, speaking for the Court in *Muskrat* v. *United States,* 219 U. S. 346. The principle there recognized and enforced on reason and authority is that the jurisdiction of this Court and of the inferior courts of the United States ordained and established by Congress under and by virtue of the third article of the Constitution is limited to cases and controversies in such form that the judicial power is capable of acting on them and does not extend to an issue of constitutional law framed by Congress for the purpose of invoking the advice of this Court without real parties or a real case, or to administrative or legislative issues or controversies. *Hayburn's Case,* 2 Dall. 410, note; *United States* v. *Ferreira,* 13 How. 40, 52; *Ex parte Siebold,* 100 U. S. 371, 398; *Gordon* v. *United States,* 117 U. S. 697; *Baltimore & Ohio R. R. Co.* v. *Interstate Commerce Commission,* 215 U. S. 216.

The fact that the appeal to this Court is invalid does not, however, render paragraph 64 invalid as a whole. Paragraph 92 of the law declares each paragraph to be independent and directs that the holding of any paragraph or any part of it invalid shall not affect the validity of the rest. Moreover, we think Congress would have

given the appeals to the courts of the District even if it had known that the appeal to this Court could not stand.

Some question has been made as to the validity of paragraph 65, which forbids all recourse to courts to set aside, vacate and amend the orders of the Commission after 120 days, and of paragraph 69, which puts the burden upon the party adverse to the Commission to show by clear and satisfactory evidence the inadequacy, unreasonableness or unlawfulness of the order complained of. It is suggested that this deprives the public utility of its constitutional right to have the independent judgment of a court on the question of the confiscatory character of an order and so brings the whole law within the inhibition of the case of *Ohio Valley Water Co.* v. *Ben Avon Borough,* 253 U. S. 287. It is enough to say that even if paragraphs 65 and 69 were invalid, the whole act would not fail in view of paragraph 92 already referred to. It will be time enough to consider the validity of those sections when it is sought to apply them to bar or limit an independent judicial proceeding raising the question whether a rate or other requirement of the Commission is confiscatory. Our conclusion that the provision for appeal to this Court in paragraph 64 is invalid makes it unnecessary to decide whether the appeal must be from a final decree, or whether the decree of the Court of Appeals was final.

*Appeal dismissed.*