**PACIFIC GAS & ELECTRIC CO. v. RAILROAD COMMISSION OF CALIFORNIA et al. (CITY AND COUNTY OF SAN FRANCISCO et al., Interveners).**

No. 3660–S.

District Court, N. D. California, S. D.

Chaffee E. Hall, Charles P. Cutten, Warren Olney, Jr., Allan P. Matthew, and McCutchen, Olney, Mannon & Greene, all of San Francisco, Cal., for plaintiff.

Ira H. Rowell, Roderick B. Cassidy, and Frank B. Austin, all of San Francisco, Cal., for defendants.

John J. O'Toole, City Atty., and Dion R. Holm, Asst. City Atty., both of San Francisco, Cal., for intervener City and County of San Francisco.

C. Stanley Wood, City Atty., and John W. Collier, Deputy City Atty., both of Oakland, Cal., for intervener City of Oakland.

J. Leroy Johnson, City Atty., of Stockton, Cal., for intervener City of Stockton.

Before WILBUR, Circuit Judge, and ST. SURE and LOUDERBACK, District Judges.

WILBUR, Circuit Judge.

In the case at bar the decree enjoined the Railroad Commission of California from enforcing its order fixing the natural gas rates chargeable by the Pacific Gas & Electric Company upon the ground that the order was void because the company

was denied due process of law in the rate-making proceedings before the Commission in which the order was made.[1]

The Commission contends in its application for rehearing that before a decree enjoining the enforcement of its void order can be appropriately entered, a court of equity must determine whether or not previous rates fixed by the Commission for supplying such gas are reasonable or just and can only interfere with the subsequent invalid order if it finds that the rates previously fixed by the Commission are not excessive. In other words, it is contended that in order for this court to set aside an invalid order of the Commission fixing rates, it must determine whether a previous rate fixing order of the Commission which, in absence of the later invalid order, would still be effective, is also invalid because the rates therein are excessive.

The federal courts acting under the Constitution of the United States have no authority over the rate-making power of the states, except to prevent confiscation of property by rates that are too low, or, as in the case at bar, to secure to a litigant its right to have its rights determined in accordance with due process.

The federal courts cannot under the Constitution disturb a rate fixed by state authority in accordance with the requirements of due process because of a claim that notwithstanding the determination of the rate-making body of the state that the rates are reasonable and just, the rates are in fact unreasonable and unjust. Such power would in last analysis transfer the rate-making power to the federal courts, and would deprive the state and its rate-making commissions of all real authority over rates. Such a result has been uniformly repeatedly and consistently repudiated by the federal courts, and particularly by the Supreme Court.

The petitioners herein are charged with the duty and clothed with the power of the state to fix rates, and should be the last to petition a federal court to set aside as excessive and void its own determination that its rates are just and reasonable.[2] Nor does it substantially alter the situation that rates reasonable when fixed may become unreasonable or excessive by reason of changed conditions. The remedy of those served by a public utility against excessive or extortionate rates lies with the Railroad Commission and not with the courts. It is seldom that a court can say that a rate is so excessive and unreasonable as to require redress where the court is unaided by the conclusions of a rate-making body or by some arbitrary rule of law such as the long and short haul prohibitions of Constitution or statute. The tendency of all recent legislation and decision is to place the rate-making power in the hands of administrative bodies having legislative authority to fix rates after due hearing and to make such rates so determined conclusive upon the world unless they are clearly so low as to effect a confiscation of the property of the utility without the just compensation required by the Constitution of the United States. To contend that a court of equity has power to fix rates in order that equity may be done between the utility and the consumer is in the teeth of the entire modern trend of statute and decision giving conclusive effect to the rates fixed by the rate making authority.[3] To hold that such power is necessary incident to the power to enjoin the enforcement of a rate-making order because it has been made without a proper hearing would be a particularly obnoxious form of interference with the rate making power of the state.

The petitioner assumes that in order to state a cause of action in equity to enjoin the enforcement of a void order fixing rates it is necessary to show that a previous order fixing rates is not void for an entirely different reason, namely, that the rates are excessive. Logically the same requirement would exist if the attack

---

[1] As to what constitutes a "hearing" as required by the due process clause of the Federal Constitution (Amendments 5, 14) see a recent decision rendered by the Supreme Court (May 25, 1936), subsequent to the decree herein (Morgan v. United States, 56 S.Ct. 906, 80 L.Ed. 1288) confirming the view expressed in our opinion and decision herein.

[2] Section 65 of the Public Utilities Act of California provides that the orders of the Railroad Commission, when final, shall be conclusive. St.Cal.1915, p. 160, § 65.

[3] Section 71 of the Public Utilities Act of California, as amended in 1925 (Cal. St.1925, p. 648; St.1931, p. 1687), provides that reparation shall not be allowed the consumer because rates are excessive or unreasonable where the rates complained of are fixed by the Commission by formal finding as reasonable.

was upon the ground that the second order fixed the rates too low. The decisions do not support this contention. It is not the law.

█ The Commission calls attention to the fact that a large sum of money has been impounded in court by collection of the old rate during the pendency of the case. This fund was impounded merely to preserve the status quo during the pendency of the action, and was stipulated to, authorized, and required solely because of the well-founded claim that if the consumers did not pay from month to month during the pendency of the action it would be difficult, if not impossible, to collect from them after decision. As between the Railroad Commission and the public utility, the money so collected belongs to the public utility. Even if the court had the power to fix just rates retroactively, which we deny, it should not exercise that power merely because the Commission has, as it claims, no such power.[4] By requiring the impounded funds to be paid to the company the court merely does what was intended to be done when the order for impounding was made as it was intended to turn the same over to the company in the event that the rate-making order requiring the payment of a lesser amount was invalid. To retain this fund until the court ascertained what was a reasonable charge is altogether unnecessary as well as foreign to the purpose of such impounding, and would be an effort to discharge a duty vested in the Commission and not in the court. It would require a delay wholly unnecessary in a case which has been prolonged entirely too long by the effort of the master and the court to ascertain a just and nonconfiscatory rate at the time the order was made.[5]

Petition for rehearing denied.

[4] Section 17(b) of the Public Utility Act of California (St.1921, p. 1355) prohibits a public utility company from charging a greater or less, or different compensation than fixed by its schedules in effect or on file, or to refund or. remit directly or indirectly in any manner or by any device any portion of the rates, tolls, rentals, and charges so specified.

See, also, Section 71 referred to in note 2.

[5] The Commissioners cite and rely upon the decision of the Supreme Court in Central Kentucky Co. v. Railroad Commission, 290 U.S. 264, 265, 54 S.Ct. 154, 155, 78 L.Ed. 307, wherein the court stated that the disputed portion of the rate impounded in the hands of a receiver in that case should have been retained by him as custodian of the Railroad Commission. But that decision was based upon a contract so providing and not upon general principles of equity. As to the latter, the view of the Supreme Court is clearly expressed and sustains our conclusion. We quote as follows (290 U. S. 264, 271, 272, 54 S.Ct. 154, 157, 78 L. Ed. 307):

"There are nevertheless some limitations upon the extent to which a federal court of equity may properly go in prescribing such conditional relief, which are inherent in the nature of the jurisdiction which it exercises. District Courts may set aside a confiscatory rate prescribed by state authority because forbidden by the Fourteenth Amendment, but they are without authority to prescribe rates, both because that is a function reserved to the state, and because it is not one within the judicial power conferred upon them by the Constitution. See Newton v. Consolidated Gas Co., supra [258 U.S. 165, 42 S.Ct. 264, 66 L.Ed. 538]; Reagan v. Farmers' Loan & Trust Co., 154 U.S. 362, 397, 14 S.Ct. 1047, 38 L.Ed. 1014; Honolulu Rapid Transit & Land Co. v. Hawaii, 211 U.S. 282, 29 S.Ct. 55, 53 L. Ed. 186; cf. Keller v. Potomac Elec. Power Co., 261 U.S. 428, 43 S.Ct. 445, 67 L. Ed. 731; O'Donoghue v. United States, 289 U.S. 516, 53 S.Ct. 740, 77 L.Ed. 1356.

"This Court has warned that the power to attach conditions to decrees enjoining state rates should be cautiously exercised. Newton v. Consolidated Gas Co., supra, page 175 of 258 U.S., 42 S.Ct. 264, 66 L.Ed. 538. The practical effect of a denial of relief unless the plaintiff will submit to a rate, the reasonableness of which he challenges, is to make the surrender of the right to invoke a distinctively state legislative function the price of justice in the federal courts. The practice would tend to curtail the exercise of that function by action of a court which is itself without authority either to exercise it or to prevent the state from doing so. Such interference with the legislative function is not a proper exercise of the discretionary powers of a federal court of equity. See Honolulu Rapid Transit & Land Co. v. Hawaii, supra."