## VELAZQUEZ v. HUNTER.

### No. 3399.

Circuit Court of Appeals, Tenth Circuit.

Jan. 20, 1947.

Writ of Certiorari Denied March 31, 1947.

See 67 S.Ct. 1084.

Jose Cases Velazquez, pro se.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief) for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus.

Velazquez[1] was convicted, in the District Court of the United States for Puerto Rico, on four counts of an indictment charging violations of § 2 of the Federal Firearms Act,[2] 15 U.S.C.A. §§ 901–909. Section 2 reads in part as follows:

"(e) It shall be unlawful for any person who * * * has been convicted of a crime of violence * * * to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition.

"(f) It shall be unlawful for any person who has been convicted of a crime of violence * * * to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce, * * *."

---

[1] Hereinafter referred to as the petitioner.

[2] Hereinafter referred to as the Act.

On appeal, the convictions were affirmed,[3] and a petition for certiorari from the judgment of affirmance was denied.[4] Petitioner was sentenced to imprisonment for a term of 11 years. Thereafter, he filed two petitions for habeas corpus, which were discharged. On appeal, the order discharging the second application for the writ was affirmed.[5]

As grounds for the writ, petitioner alleges: First, all counts of the indictment are void as not charging an offense; second, the prosecution failed to show that petitioner had been convicted of a crime of violence; and third, § 2(f) of the Act has been held unconstitutional.

The first count of the indictment charged that on August 27, 1941, at Santurce, Puerto Rico, petitioner knowingly received a certain amount of revolver ammunition, which ammunition had theretofore been transported in interstate commerce. The third count charged that on August 30, 1941, at Isla Verde, Puerto Rico, petitioner received a firearm which had theretofore been transported in interstate commerce. The second count charged that petitioner on August 27, 1941, at Santurce, Puerto Rico, transported the ammunition which had theretofore been transported in interstate commerce. The fourth count charged a like offense with respect to the revolver. Each count charged that, prior to August 27, 1941, petitioner had been convicted of the crime of aggravated assault and battery.

Petitioner contends that Puerto Rico is not a state, territory, or possession of the United States, and, therefore, the indictment, on its face, does not charge an offense and is void.

 Whether the term "territory" or "possession," as used in the Act, includes Puerto Rico depends upon the Congressional intent.[6] The Act defines "interstate or foreign commerce" as follows:[7] "The term 'interstate or foreign commerce' means commerce between any State, Territory, or possession (including the Philippine Islands but not including the Canal Zone), or the District of Columbia, and any place outside thereof; or between points within the same State, Territory, or possession (including the Philippine Islands but not including the Canal Zone), or the District of Columbia, but through any place outside thereof; or within any Territory or possession or the District of Columbia."

This broad definition of "interstate or foreign commerce" is indicative of the Congressional intent to embrace, within the Act, all territory within the sovereignty of the United States, the states, territories, and insular possessions, not expressly excluded. It is our opinion that the Act applies to the transportation and receipt of firearms and ammunition in Puerto Rico. It was so construed in Cases v. United States, 1 Cir., 131 F.2d 916.

In Cases v. United States, supra, the court held that the crime of aggravated assault and battery was a crime of violence as defined by the Act.[8] The judgment in that case is conclusive here under the doctrine of res judicata.[9]

Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519, held that the portion of § 2(f) of the Act which created a presumption of transportation from the fact of possession, violated the due process clause and was unconstitutional. It does not follow from the decision that the remainder of § 2(f) is invalid. In Loeb v. Columbia Township Trustees, 179 U.S. 472, at page 490, 21 S.Ct. 174, at page 181, 45 L.Ed. 280, the court said: "As one section of a statute may be repugnant to the Constitution without rendering the whole act void, so, one provision of a section may be invalid by reason of its not conforming to

---

[3] Cases v. United States, 1 Cir., 131 F.2d 916.

[4] Velazquez v. United States, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718.

[5] Velazquez v. Sanford, 5 Cir., 150 F.2d 491.

[6] Puerto Rico v. Shell Co., 302 U.S. 253, 258, 58 S.Ct. 167, 82 L.Ed. 235; People of State of New York ex rel. Kopel v. Bingham, 211 U.S. 468, 29 S.Ct. 190, 53 L.Ed. 286.

[7] 15 U.S.C.A. § 901(2).

[8] See 15 U.S.C.A. § 901(6).

[9] Holbrook v. Hunter, 10 Cir., 149 F.2d 230; Strewl v. Sanford, 5 Cir., 151 F.2d 648; Spaulding v. Sanford, 5 Cir., 142 F.2d 444; Goldsmith v. Sanford, 5 Cir., 132 F.2d 126.

608

the Constitution, while all the other provisions may be subject to no constitutional infirmity. One part may stand, while another will fall, unless the two are so connected, or dependent on each other in subject-matter, meaning, or purpose, that the good cannot remain without the bad. The point is not whether the parts are contained in the same section, for the distribution into sections is purely artificial, but whether they are essentially and inseparably connected in substance,—whether the provisions are so interdependent that one cannot operate without the other." [10]

Because the portion of § 2(f) creating the unconstitutional presumption is clearly separable from the remainder of the section, the latter did not fall with the unconstitutional portion of the section. Further, the Act contains a separability clause.[11] Such expressions of the intention of Congress will be given effect by the courts whenever possible.[12]

The petitioner alleges no sufficient ground for discharge on habeas corpus. Therefore, the judgment is affirmed.

---

[10] See, also, Berea College v. Kentucky, 211 U.S. 45, 55, 29 S.Ct. 33, 53 L.Ed. 81.

[11] 15 U.S.C.A. § 908.

[12] Weller v. New York, 268 U.S. 319, 325, 45 S.Ct. 556, 69 L.Ed. 978; Board of Trade of City of Chicago v. Olsen, 262 U.S. 1, 42, 43 S.Ct. 470, 67 L.Ed. 839; Keller v. Potomac Elec. Power Co., 261 U.S. 428, 444, 43 S.Ct. 445, 67 L.Ed. 731.