John R. GAY, Appellant,

v.

UNITED STATES, Appellee.

No. 4359.

District of Columbia Court of Appeals.

Argued Feb. 14, 1968.

Decided May 1, 1968.

William J. Garber, Washington, D. C., for appellant.

William G. Reynolds, Jr., Asst. U. S. Atty., for appellee; David G. Bress, U. S. Atty., Frank Q. Nebeker and John J. McKenna, Asst. U. S. Attys., and Henry K. Osterman, Sp. Atty. to the U. S. Atty., were on the brief, for appellee; Scott R. Schoenfeld, Asst. U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

Appeal from a conviction of larceny after trust, D.C.Code 1967, § 22–2203. The conviction was based in part on the testimony of Magdeeline Evans that in response to a newspaper advertisement she went to defendant's realty office and gave him a cash deposit of $40 toward the rental of an apartment and was given a receipt; that she went to see the apart-

ment and was refused access; and that she twice sought the return of her deposit which defendant twice refused.

One claim of error is that the evidence failed to establish the offense of larceny after trust. The point was not raised in the trial court and was made for the first time after this appeal had been briefed and submitted, and later reset for oral argument by new counsel who had come into the case. In view of this fact and the fact that there was no motion for directed verdict at the close of the Government's case or on the whole evidence, the claim of error need not be considered. But we have considered it and have concluded that the point is not valid.

Counsel has argued that on the theory that the evidence showed that appellant had made a false representation as to the availability of the apartment and that he knew the representation to be false and intended to defraud the complainant, this satisfied the elements of false pretenses, D.C.Code 1967, § 22–1301, or larceny, or larceny by trick, D.C.Code 1967, § 22–2202, but not larceny after trust. This prosecution, as has been said, was brought under D.C.Code 1967, § 22–2203, which reads in part:

> If any person entrusted with the possession of anything of value, including things savoring of the realty, for the purpose of applying the same for the use and benefit of the owner or person, so delivering it, shall fraudulently convert the same to his own use * * *.

As the Government accurately states it, the offense involves four elements: (1) that the accused be entrusted with something of value, (2) for the use and benefit of complainant, (3) that it be converted to accused's own use, (4) with the intent to deprive complainant of the money or property. We are satisfied that the evidence established these elements. It established that complainant entrusted money to appellant as a real estate broker for the express purpose of having it applied as rental on an apartment; that the apartment was in fact not available; and that appellant kept the money and refused to return it. The circumstances were such as to permit the jury to infer that appellant took the money for the purpose of converting it to his own use. See Nelson v. United States, 97 U.S.App.D.C. 6, 10, 227 F.2d 21, 25, 53 A.L.R.2d 1206 (1955), cert. denied, 351 U.S. 910, 76 S.Ct. 700, 100 L.Ed. 1445 (1956).

More serious is the claim that the trial court improperly permitted evidence of similar offenses allegedly committed by appellant against other persons.

Two witnesses called by the prosecution were permitted to testify that they had gone to appellant's office a few months earlier than complainant Evans and had made deposits on apartments, and that they were unable to get the apartments or the return of their money. Another witness, who owned the apartment in question and who worked in appellant's office, testified that a great many other people had gone through the same experience of giving deposits to appellant and being unable to get the apartment or the return of their money.

The general rule is that evidence of prior offenses is inadmissible to prove disposition to commit crime, from which a jury might infer that the defendant committed the crime charged. There are, however, exceptions to this rule.

In Bracey v. United States, 79 U.S.App. D.C. 23, 26, 142 F.2d 85, 88, cert. denied, 322 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589 (1944), the court indicated the scope of admissibility against a defendant of offenses additional to the one charged:

> Thus, evidence of other criminal acts has been held admissible by this court when they are so blended or connected with the one on trial as that proof of one incidentally involves the other; or explains the circumstances thereof; or

tends logically to prove any element of the crime charged. Such evidence is admissible if it is so related to or connected with the crime charged as to establish a common scheme or purpose so associated that proof of one tends to prove the other, or if both are connected with a single purpose and in pursuance of a single object; as well as to establish identity, guilty knowledge, intent and motive.

More recently, in Drew v. United States, 118 U.S.App.D.C. 11, 16, 331 F.2d 85, 90 (1964), the court listed certain "exceptions" to the exclusionary rule:

Evidence of other crimes is admissible when relevant to (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of the one tends to establish the other, and (5) the identity of the person charged with the commission of the crime on trial. When the evidence is relevant and important to one of these five issues, it is generally conceded that the prejudicial effect may be outweighed by the probative value.

Using these rules as a guide we think these conclusions are proper:

The evidence as to the other acts was not "so blended or connected with the one on trial" as to involve proof of the others with this one. Nor did the other evidence serve to explain the circumstances or tend logically to prove any element of the crime charged; nor was it so related to or connected with the crime as to establish a common scheme or purpose.

There was no question of identity at any stage of the case, as appears from the testimony of all the witnesses, including defendant himself. And the same may be said as to the elements of accident or mistake which played no role in this case.[1]

Testimony as to the other offenses was not relevant as to motive: appellant's reasons for his actions in relation to complainant Evans were not part of the case.

As related to the issue of intent, the testimony was also not relevant, since proof of a prior specific intent to deprive Evans of her money was not a necessary element of the charge of larceny after trust. Reed v. United States, D.C.App., 239 A.2d 156 (1968).

It also seems clear that there was an absence of the factor of "common scheme or purpose." We think such cannot be deduced or inferred from the testimony as to appellant's dealings with the other witnesses, which were not related to or in any way connected with the Evans transaction. Hence it was error to let the jury consider those earlier transactions as bearing on appellant's guilt in the case then on trial as establishing a common scheme or purpose.

Reversed with instructions to grant a new trial.

1. We are not dealing here with a situation in which the prosecution has brought in proof of other offenses to rebut an issue raised by the defense or to defeat a defensive theory. As to that procedure, see Bracey v. United States, supra 79 U.S.App.D.C. at page 28, 142 F.2d 90.