John R. GAY, Appellant,

v.

UNITED STATES, Appellee.

No. 4359.

District of Columbia Court of Appeals.

Dec. 2, 1969.

---

1. *See* concluding paragraph of the opinion of the United States Court of Appeals.

Before HOOD, Chief Judge, CAYTON (Chief Judge, Retired), and MYERS (Associate Judge, Retired).

CAYTON, Judge.

This case first came before us a couple of years ago, on appeal from a conviction of larceny after trust. We ordered a reversal on the ground that the trial court erred in admitting testimony by two Government witnesses about their dealings with the defendant under circumstances similar to those charged by the complainant in the prosecution. D.C.App., 241 A.2d 446.

The Government petitioned for and obtained a review by the United States Court of Appeals. That court reversed our decision, holding that the evidence was admissible, United States v. Gay, 133 U.S.App. D.C. 337, 410 F.2d 1036 (decided March 18, 1969). It remanded the case to this court for our consideration as to "what notice, if any, should be taken of the trial court's instruction" as to the purpose for which the evidence was to be considered.

We granted the parties an opportunity to submit supplemental briefs and after that we heard oral arguments on the remand.

It is appellant's contention that although there was no objection to the judge's instructions, there was plain and prejudicial error in submitting the evidence to the jury on the general questions of intent, motive, identity, absence of mistake or inadvertence, or to show a common scheme or purpose; the contention now being that the judge should have limited the submission to the element of intent, for which purpose the United States Court of Appeals held the evidence was admissible.

Rule 18 of the trial court's Criminal Rules provides that no party may assign as error any portion of a charge or omission therefrom unless he objects thereto before the jury retires. And Rule 13 of this court states the duty of a party to make his objection known to the trial judge.

As was said earlier this year, an appellant "faces a heavy burden in objecting to instructions on appeal that he has acquiesced in at trial." United States v. Dixon, D.C.Cir., 419 F.2d 288 (decided March 27, 1969). Citing Villaroman v. United States, 87 U.S.App.D.C. 240, 184 F.2d 261, 21 A.L.R.2d 1074 (1950), where it was stated that in fairness to the trial court, the parties, and the administration of justice, a party has no standing in making an attack on a charge to which he had failed to object.

We must hold that the firm general rule applies here. We also hold that the jury charge, though conceded to have been "overly broad", does not reveal error of a prejudicial nature.

It is possible, of course, that failure to object to the charge was an oversight. But it seems just as likely that it was a knowing and deliberate strategy on the part of the experienced and resourceful attorney who handled the defense at the trial level, to avoid greater emphasis being placed on the challenged testimony.

Finding no prejudicial error, we now hold that the conviction must stand.

Affirmed.