No. 72–5572.   GAY v. UNITED STATES.   Ct. App. D. C.
Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BREN-
NAN, MR. JUSTICE STEWART, and MR. JUSTICE MARSHALL
concur, dissenting.

Petitioner was convicted of larceny.   The District of
Columbia Court of Appeals reversed.   241 A. 2d 446.
The United States Court of Appeals reversed the latter
court, 133 U. S. App. D. C. 337, 410 F. 2d 1036, and
remanded the case to the District of Columbia Court of
Appeals for a ruling on the propriety of the trial court's
instruction.   That court held that the instructions had
not been prejudicial, 259 A. 2d 593, and the United
States Court of Appeals affirmed.   Thereafter petitioner
sought relief by way of *coram nobis*.   The trial court
dismissed the case without prejudice and the District of
Columbia Court of Appeals affirmed.

During the time petitioner's original or direct appeal
was being considered by the court, Frank Q. Nebeker
was Assistant United States Attorney in charge of the
Appellate Section in the office of the United States At-
torney for the District.   One of his duties was to review
the appellate briefs submitted by that office to the
appellate courts.   His name was on the brief opposing
petitioner on the appeal.   He was named to the District
of Columbia Court of Appeals by President Nixon in
May of 1969.

When the *coram nobis* action was brought to the Dis-
trict of Columbia Court of Appeals it was heard by a
three-judge panel which included Judge Nebeker.

His prior role in the case was not brought to his at-
tention and he doubtless was unaware of the fact that
this case had been one of the many hundreds he had
processed while in the United States Attorney's office.

Nonetheless Canon 3C (1)(b) of the recently adopted Code of Judicial Conduct provides:

> "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where . . . he served as lawyer in the matter in controversy . . . ."

This Canon, as it applies to this case, is merely a reflection of the basic concept of due process of law that a person should not serve as both prosecutor and judge.

The matter might not be considered of any great moment here if the three judges in the panel had taken part. But one of the three, Judge Yeagley, did not participate in the decision. Hence, in one view there was only a single qualified judge sitting on the appeal. That fact makes singularly appropriate the suggestion of the Solicitor General that it may be just, under the circumstances, to vacate the judgment of the District of Columbia Court of Appeals and remand for further proceedings. I would do just that.

Although this issue may not rise to the level of a constitutional question and there is no federal statute involved, we should take this action under our supervisory authority over the administration of justice in the federal courts. See, e. g., Mallory v. United States, 354 U. S. 449, 452–453; McNabb v. United States, 318 U. S. 332, 341; Nardone v. United States, 308 U. S. 338, 341–342. The District of Columbia Court of Appeals, established by Congress pursuant to Art. I, § 8, cl. 17, of the Constitution,[1] clearly is within the parameters of the federal

---

[1] See § 111 of the District of Columbia Court Reform and Criminal Procedure Act of 1970, 84 Stat. 475, D. C. Code Ann. § 11–101 (2)(A) (Supp. V, 1972). We discussed the differences between "legislative," or Art. I, courts and "constitutional," or Art. III, courts

court system. See *Embry* v. *Palmer*, 107 U. S. 3, 10; *Moss* v. *United States*, 23 App. D. C. 475, 482–483. The judges of that court are appointed, with the advice and consent of the Senate, by the President.[2] It is true, of course, that this Court normally will not review decisions of the courts of the District of Columbia which involve merely questions of "local law." See, *e. g.*, *General Motors Corp.* v. *District of Columbia*, 380 U. S. 553, 556–557; *Griffin* v. *United States*, 336 U. S. 704, 717–718. To this extent the courts of the District may be comparable to state courts.[3] Nevertheless, we heretofore have exercised jurisdiction where a decision "has an impact not confined to the Potomac's shores . . . ." *General Motors Corp.* v. *District of Columbia, supra,* at 556. See also *Miller* v. *United States*, 357 U. S. 301, 306.

---

in *Palmore* v. *United States, ante,* p. 389, and *Glidden Co.* v. *Zdanok*, 370 U. S. 530.

[2] District of Columbia Court Reform and Criminal Procedure Act of 1970, D. C. Code Ann. § 11–1501 (a).

[3] The House Report states that the District of Columbia Court of Appeals will be "the highest court in the jurisdiction, similar to a state Supreme Court," H. R. Rep. No. 91–907, p. 23, and that "[t]he jurisdictional changes recommended by your Committee will result in a Federal-State court system in the District of Columbia analogous to the court systems in the several States." *Id.*, at 35.

The Senate Report states:

"This constitutional authority for the creation of a local court system, distinct from the Federal court system established pursuant to. article III, has been recognized in *Keller* v. *Potomac Electric Power Co.*, 261 U. S. 428 (1923); *Federal Radio Commission* v. *General Electric Co.*, 281 U. S. 464 (1930); and *O'Donoghue* v. *United States*, 289 U. S. 516 (1933). The committee believes that there is nothing in the result reached in *Glidden* v. *Zdanok*, 370 U. S. 530 (1962), which denies the congressional authority to create a local court system for the District of Columbia which is distinct from the Federal court system." S. Rep. No. 91–405, p. 18.

The statement that the new D. C. court system is "distinct from the Federal court system" obviously relates only to the distinction between Art. I and Art. III courts. See n. 1, *supra*.

In this case any appearance of impropriety may reflect adversely on the federal judiciary as a whole. Canon 1 of the Code of Judicial Conduct states that "[a]n independent and honorable judiciary is indispensable to justice in our society." Canon 2 provides that a judge "should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary," and the commentary to that Canon states that he "must avoid all impropriety and appearance of impropriety." We must bear the ultimate responsibility, within the limits of our jurisdiction,[4] for insuring that the federal judiciary adheres scrupulously to these principles of impartial adjudication.

---

[4] This Court has jurisdiction under 28 U. S. C. § 1257 (3). See District of Columbia Court Reform and Criminal Procedure Act of 1970, supra, § 11–102. Under 28 U. S. C. § 2106, we may vacate the judgment below and "require such further proceedings to be had as may be just under the circumstances."

While four of us would grant certiorari and vacate the judgment, we do not insist on oral argument.